Contracts executed and to be performed without the state are not affected by a discharge under an insolvent law within the state. Webster v. Massey, Case No. 17,336; Towne v. Smith, Id. 14,115; Clark v. Van Riemsdyk, 9 Cranch (13 U. S.) 153; Snydam v. Broadnax, 14 Pet. (39 U. S.) 67; Van Riemsdyk v. Kane, Case No. 16,871. Compare Adams v. Storey, Id. 66; Babcock v. Weston, Id. 703. See, also, Mather v. Nesbit, 13 Fed. 872; Cook v. Moffat, 5 How. (46 U. S.) 295; Gilman v. Lockwood, 4 Wall. (71 U. S.) 409; Baldwin v. Hale, 1 Wall. (68 U. S.) 223; Baldwin v. Bank of Newbury. Id. 234; Crapo v. Kelly, 16 Wall. (83 U. S.) 610; Le Roy v. Crowninshield, Case No. 8,269; Springer v. Foster, Id. 13,266; Riston v. Content, Id. 11,862; Woodhull v. Wagner, Id. 17,975; Kendall v. Badger, Id. 7,-691; Banks v. Greenleaf, Id. 959; Davidson v. Smith, Id. 3,608.]

---

### Case No. 2,266.

BYRD et al. v. BADGER.

[1 McAll. 443.] [1]

Circuit Court, D. California. July Term, 1858.

STATE LAW ABOLISHING DISTINCTION BETWEEN LAW AND EQUITY—PROCEEDINGS SUPPLEMENTARY TO EXECUTION.

1. The proceedings supplementary to execution, as prescribed by the practice act of this state, are evidently a substitute for the familiar

---

[1] [Reported by Cutler McAllister, Esq.]

mode in the practice of a court of chancery, known as a creditor's bill.

2. The present movement is an attempt to confound in this court the distinction between equitable and legal remedies; and this court does not consider that this statutory remedy can be used in this tribunal, without disregarding the distinction which exists in it between the exercise of its common-law and equity jurisdiction.

[Cited in Frazer v. Colorado D. & S. Co., 5 Fed. 164.]

[See note to Case No. 2,212.]

On motion to set aside an order [for the examination of the judgment debtor W. G. Badger, in proceedings supplementary to execution] previously entered, on the ground that it had been improvidently granted by the court. [For the trial of this case, in which judgment was rendered for plaintiffs, Byrd & Hall, see Case No. 2,265.]

W. W. Crane, for plaintiffs.

Crockett, Baldwin & Crittenden, for defendant.

McALLISTER, Circuit Judge. The proceedings supplementary to an execution against a judgment debtor, provided by the 238th section of the practice act of this state, is evidently a new statutory remedy. They are a substitute for a creditor's bill, and in substance constitute an equitable proceeding. Sale v. Lawson, 4 Sandf. 718. They not only constitute such proceeding, but a new suit, and as such comes appropriately—and so far as the right it seeks to vindicate, and the remedy it aims to obtain, most appropriately—within the jurisdiction of a court of chancery. "An order for the examination of a judgment-debtor is not a mere process to enforce the judgment alone, but the statement of new facts, which the plaintiff must prove to entitle him to the relief sought. As a substitute for a creditor's bill, it is a suit," &c. The statute of New York is analogous to our own. It having been construed to constitute a new suit, and to be a substitute for a creditor's bill, the same construction may be reasonably placed upon the statute of this state, when the jurisdiction of this court in relation to the proceeding, is in question. So considered, the sole object of the statute must be deemed to give a legal remedy for an equitable one. Such legislation cannot affect the jurisdiction of this court. In Robinson v. Campbell, 3 Wheat. [16 U. S.] 212, it has been decided that the fact that a state has allowed, by statute, a creditor to proceed against the person of his debtor by a peculiar process, will not affect the jurisdiction of this court to entertain cognizance of a bill in equity having the same object. U. S. v. Howland, 4 Wheat. [17 U. S.] 108. The examination of a judgment-debtor being the substitute for a creditor's bill, and having for its assertion equitable rights, the action of the state legislature cannot so far affect the equity jurisdiction of this court, as to convert it into a common-law jurisdiction, by enabling a party to pursue in it an equitable right in any way contrary to the established practice and proceedings of chancery. The courts of the United States have a like jurisdiction in every state; and the judiciary act of 24th September, 1789, confers the same chancery powers upon all, and prescribes the same rules of decision to all. U. S. v. Howland, 4 Wheat. [17 U. S.] 108. 114. This could not be the case if state legislation could mould their practice and proceedings so as to annul all distinction between legal and equitable rights and remedies in the administration of justice; so carefully preserved by the laws of the United States. Our state statute indicates that in some cases under it a receiver may be appointed, and an injunction —or what is equivalent thereto, an order to enjoin the transfer of property—may be granted. These are the peculiar instruments of a court of equity in the exercise of that jurisdiction, which cannot be enlarged, diminished, or controlled by state legislation. Boyle v. Zacharie, 6 Pet. [31 U. S.] 654. If, then, the pursuit of a judgment-debtor for the relief sought, is the assertion of an equitable right, this court can aid the party only when he shall appeal to its chancery powers. In Bennett v. Butterworth, 11 How. [52 U. S.] 669, the principle is enunciated, that a court of the United States sitting in a state where the distinction between law and equity does not exist, may adopt the state proceedings to try suits at law; but equitable rights must be presented and tried according to the rules prescribed by this court for the pleadings and practice in equity.

In view of these principles, it is clear that the order heretofore made in this case was improvidently granted. It was the exercise of an equitable jurisdiction on its common-law side. Reliance has been placed by plaintiff's counsel on the third section of the act of congress, passed 19th May, 1828 (4 Stat. 278), which declares "that writs of execution, and other final process issued on judgments and decrees rendered in any courts of the United States, and the proceedings thereon, shall be the same, except their style, as in the state courts." This law extends only to all the ministerial acts of a sheriff in levying, advertising, selling, &c., whose action is to govern the marshal in his proceedings on final process out of the United States courts. In Amis v. Smith, 16 Pet. [41 U. S.] 312, the construction of this section of the act of 1828 will be found. After referring to writs of execution, the court comment upon the words, "and the proceedings thereon," and understand them to mean the exercise of all the duties of the ministerial officers of the states, prescribed by the laws of the states for the purpose of obtaining the fruits of the judgment. Now, the examination of a judgment debtor is not the proceeding of a ministerial officer, or a proceeding on the execution. For this reason, independently of others, this case cannot be considered as coming within the operation of the third section of the act of

1828. If additional authority be needed on this point, it will be found in a decision of the supreme court of this state. In the case of Adams v. Hackett, 7 Cal. 201, in construing the section of the law under consideration, that court say: "In reference to the chapter prescribing the mode of proceeding supplementary to an execution, it seems clear that those proceedings were intended as a substitute for what is called a 'creditor's bill.' This is so stated by the practice commissioners" in their report on the New-York Code. Thus regarded it is an equitable proceeding, and only cognizable in this court in the exercise of chancery powers.

The distinction between common-law and equitable remedies, created by acts of congress, and carefully preserved by the decisions of the supreme court of the United States, must be maintained in this tribunal. In Amis v. Smith, 16 Pet. [41 U. S.] 314, it is said, it is the duty of this court "to preserve the supremacy of the laws of the United States, and which they cannot do without disregarding all state laws and state decisions which conflict with the laws of the United States." The 56th rule of this court is conclusive upon this point. It provides, that nothing in the acts of the legislature adopted by this court in its common rules, shall be so construed as to authorize the enforcement of a merely equitable right on the common-law side of this court. The order for the examination of the judgment debtor, heretofore made in this case is hereby set aside on the ground that it was improvidently granted.