## Case No. 1,524.

### The BLANCHE PAGE.

[16 Blatchf. 1;[1] 7 Reporter, 326.]

Circuit Court, S. D. New York. Feb. 12, 1879.

ADMIRALTY — ENFORCING FINAL DECREE — EXAMINATION OF SURETIES ON APPEAL BOND — SEQUESTRATION — CONTEMPT — IMPRISONMENT FOR DEBT.

1. There is no statute of the United States which authorizes or requires sureties in stipulations or appeal bonds, in a suit in rem, in admiralty, to appear before the admiralty court, after a final decree in the suit, for examination concerning their property, according to the laws and practice of the courts of the state.

[Cited in Quantity of Manufactured Tobacco, Case No. 11,499; The Sydney, 47 Fed. 262.]

2. The mode of enforcing a final decree for the payment of money, in a suit in rem, in admiralty, is that prescribed by rule 21 in admiralty, by execution.

3. A court of admiralty of the United States has no power to enforce such a decree against such sureties by the sequestration of their property, according to the practice of courts of equity.

[Cited in Winter v. Swinburne, 8 Fed. 53.]

4. Nor can it punish such sureties for contempt for not performing their stipulations, or for failing to comply with the provisions of the decree.

[Cited in Mallory Manuf'g Co. v. Fox, 20 Fed. 410.]

5. The abolition of imprisonment for debt, in New York, makes it impossible for the circuit court of the United States, in New York, to use imprisonment as a remedy in execution of a judgment requiring the payment of money due on such stipulations or appeal bonds.

[Cited in Mallory Manuf'g Co. v. Fox, 20 Fed. 410.]

[In admiralty. The executions issued on the summary judgment in the cause of The Blanche Page, Case No. 1,523, having been returned by the marshal wholly unsatisfied, libellants move for an examination of James C. Hartt and Edward Godfrey concerning their property with a view to its sequestration, and for punishment for contempt. Denied.

[For opinion granting motion for judgment against the sureties' bond on appeal to the circuit court, see The Blanche Page, Case No. 1,525.]

George A. Black, for the motion.

Abiathar B. Millard and Jacob Vanatta, opposed.

BLATCHFORD, Circuit Judge. These are two suits in rem, in admiralty, originally instituted, one by Lewis W. Phillips and the other by Francis Markee, in the district court, and brought, by appeals taken by the claimant, Edward Moran, into this court. On the 22d of August, 1867, the vessel being in the custody of the marshal, under the processes issued by the district court in the two suits, the claimant, with J. C. Hartt and Thomas Cassidy, as sureties, gave a stipulation for value, in each suit, in the sum of $2,500, consenting and agreeing thereby, that, in case of default or contumacy on the part of the claimant or his sureties, execution for $2,500 might issue against their goods, chattels and lands, the condition of each stipulation being, that the stipulators should, upon the interlocutory or final order or decree of the district court, or of any appellate court to which the suit might proceed, and upon notice of such order or decree to the proctor for the claimant, abide by, and pay the money awarded by, the final decree rendered by the district court, or the appellate court, if any appeal should intervene. On the giving of such stipulations, the vessel was discharged from custody. At the same time, the same parties gave a stipulation for costs, in each suit, in the sum of $250, consenting, that, in case of default or contumacy on the part of the claimant or his sureties, execution for the sum of $250 might issue against their goods, chattels and lands, each stipulation being to the effect, that the stipulators should be, and each of them was, thereby bound, in the sum of $250, conditioned that the claimant should pay all costs and expenses which should be awarded against him by the final decree of the district court, or, upon an appeal, by the appellate court. A final decree in favor of the libellant was rendered by the district court in each suit. The decree in the Phillips suit was made May 3d, 1872, and provided, that the libellant recover against the vessel $2,740.62 damages and $274.77 costs. The decree in the Markee suit was made August 13th, 1871, and provided, that the libellant recover against the vessel $2,027.56 damages and $320.22 costs. Each decree provided, that, out of the proceeds of the stipulations of the claimant for costs and value, when paid into the registry, the clerk should pay

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

to the libellant the amounts so decreed; and that, unless an appeal should be taken within the prescribed time, the stipulators for costs and value should forthwith pay into court the amount of their said stipulations, and that the clerk, after deducting the taxed costs of the officers of the court in the action, distribute the proceeds in satisfaction of the decree. In each case the claimant took an appeal to this court from such final decree. In each case the claimant, with Edward K. Godfrey and Asa D. Dickinson, as sureties, executed a joint and several bond to the libellant, on appeal, conditioned that the libellant should prosecute said appeal with effect, and pay all damages and costs which should be awarded against him as appellant, if he should fail to make such appeal good. The bond in the Phillips case was dated May 22d, 1872, and was in the penalty of $4,000. The bond in the Markee case was dated September 19th, 1871, and was in the penalty of $3,000. This court made a final decree in each suit on the 2d of January, 1875, affirming the decree of the district court. In the Phillips suit the decree further provided, that the libellant recover against the vessel $3,015.39, the amount of the decree of the district court, and $562.27 interest thereon, and $195.05 as costs of this court, amounting in all to $3,772.71; that the vessel be condemned therefor; and that, in pursuance of the act of March 3d, 1847, a summary judgment be and was entered against the vessel and the claimant and the said sureties, on the bond given on the appeal, for the sum of $4,000, the amount of said bond. In the Markee suit the decree further provided, that the libellant recover against the vessel $2,347.78, the amount of the decree of the district court, and $548.69, interest thereon, and $197.05, as costs of this court, amounting in all to $3,093.52; that the vessel be condemned therefor; and that, in pursuance of the act of March 3d, 1847, a summary judgment be and was entered against the vessel and the claimant and the said sureties, on the bond given on the appeal, for the sum of $3,000, the amount of said bond. The claimant took an appeal, in each suit, to the supreme court of the United States, from such final decree of this court. In each case the claimant, with Edward K. Godfrey and James C. Hartt, as sureties, executed a joint and several bond to the libellant, on appeal, conditioned that the appellant should prosecute said appeal to effect and answer all damages and costs, if he should fail to make his appeal good. The bond in each case was dated January 15th, 1875. That in the Phillips case was in the penalty of $7,500. That in the Markee case was in the penalty of $6,200. The supreme court made a decree in each suit, affirming the decree of this court, with costs, and interest until paid, at the same rate per annum that decrees bear in the courts of the state of New York. It further decreed, in each case, that the libellant recover against the claimant $144.75, costs of the supreme court. On the 25th of July, 1878, on the presentation to this court of the mandate of the supreme court in each case, a decree was made by this court, in the Phillips case, that the libellant recover the said sum of $3,772.71, and interest thereon from January 2d, 1875, amounting to $957.26, together with $144.75, costs, amounting in all, to $4,874.72, and that a summary judgment be and was entered against the claimant (the principal), and Edward K. Godfrey and James C. Hartt (the sureties), on the bond on appeal to said supreme court, for the sum of $7,500, the amount of their bond, and that execution issue thereon; and a decree was made by this court in the Markee case, that the libellant recover the said sum of $3,093.52, and interest thereon from January 2d, 1875, amounting to $756.09, together with $144.75, costs, amounting, in all, to $3,994.36, and that a summary judgment be and was entered against the claimant (the principal), and Edward K. Godfrey and James C. Hartt (the sureties), on the bond on appeal to said supreme court, for the sum of $6,200, the amount of their bond, and that execution issue thereon.

It is now shown to this court, on behalf of the libellants, that the said Cassidy has died during the pendency of said appeals; that the said Dickinson has removed to Michigan; that, on the 19th of August, 1878, executions were duly issued to the marshal of the United States for this district, and have been returned wholly unsatisfied; that the said Hartt resides in the state of New Jersey, and owns real property there, but carries on business in the city of New York; that the said Godfrey resides in the city of New York; that the said Moran resides in the state of New Jersey; and that the said Dickinson resides at Detroit, in the state of Michigan. On the foregoing facts, and on notice to said Godfrey and said Hartt, and the proctors for the claimant, the libellants now move this court, "that James C. Hartt and Edward K. Godfrey, sureties upon the stipulations entered into herein, and sureties upon the appeal to the supreme court of the United States, be ordered to appear before this court for examination concerning their property, according to the laws and practice of the state of New York," and "that they be ordered to disclose all information concerning their property, with a view to the sequestration thereof, and that they be directed to convey all of their property to a sequestrator to be appointed by this court, and that the said James C. Hartt and Edward K Godfrey be punished for their contempt in not performing their said stipulations, and failing to comply with the provisions of said decrees, and for such other order or relief as may be just."

(1.) As to so much of the motion as asks that the sureties be ordered to appear before

this court for examination concerning their property, according to the laws and practice of the state of New York. There is no statute of the United States which authorizes or requires such an examination in a suit in admiralty. Sections 914, 915 and 916 of the Revised Statutes apply solely to common law suits. Section 941 provides for such stipulations for value as were given in these cases, and enacts that judgment thereon, against both the principal and sureties, may be recovered at the time of rendering the decree in the original cause. Rule 21 in admiralty provides, that, "in all cases of a final decree, for the payment of money, the libellant shall have a writ of execution, in the nature of a fieri facias, commanding the marshal, or his deputy, to levy and collect the amount thereof out of the goods and chattels, lands and tenements, or other real estate, of the defendant or stipulators." There is no other rule as to the enforcing a decree in a suit in rem. That rule is one of a series of rules made by the supreme court under section 6 of the act of August 23d, 1842, 5 Stat. 518, now section 917 of the Revised Statutes, which provides that the supreme court shall have the power to prescribe the forms of process, the modes of proceeding to obtain relief, and generally to regulate the whole practice in suits in admiralty, by the circuit and district courts. Nothing is found which authorizes what is asked for under the first branch of the motion.

(2.) As to so much of the motion as asks that the sureties be ordered to disclose all information concerning their property, with a view to the sequestration thereof, and that they be directed to convey all of their property to a sequestrator, to be appointed by this court. There is no statute which confers on a court of admiralty of the United States those powers of sequestering property which appertain to a court of equity, nor is there any rule which does so. The libellants have judgments, and, after executions have been issued and returned unsatisfied, they can resort to the proper court to reach any property which the debtors may have. But this court, sitting in admiralty, is not such court. The fact that the libellants could not recover judgments on the stipulations or bonds in any other court than the admiralty court, does not prevent their resorting to other courts, where they have obtained judgments in the admiralty court to enforce such judgments. The judgments have then become like any other judgments in personam in any court. In a suit in rem, where the court has acquired jurisdiction of the res, and has not voluntarily yielded possession of it, and has a right to recall it to its custody, it may proceed to do so, as against those who have it or have taken it; but that is not the present case. Rule 38. The libellants are general creditors, by judgment in personam, of the sureties. The stipulations

and bonds are merely to pay money, and the judgments are money judgments. The stipulators for value could not now perform the condition of their stipulation, by bringing the vessel into court.

(3.) As to so much of the motion as asks that the sureties may be punished for contempt in not performing their said stipulations and failing to comply with the provisions of said decrees. At most, the stipulations, bonds and decrees create a debt from the sureties to the libellants. The decrees are decrees for the payment of money, and only for that. Prior to the December term, 1861, of the supreme court, rule 21 in admiralty read thus: "In all cases where the decree is for the payment of money, the libellant may, at his election, have an attachment to compel the defendant to perform the decree, or a writ of execution in the nature of a capias and of a fieri facias, commanding the marshal, or his deputy, to levy the amount thereof of the goods and chattels of the defendant; and, for want thereof, to arrest his body to answer the exigency of the execution. In all other cases, the decree may be enforced by an attachment to compel the defendant to perform the decree; and, upon such attachment, the defendant may be arrested and committed to prison until he performs the decree, or is otherwise discharged by law, or by the order of the court." At the December term, 1861, the supreme court abolished that rule and substituted the following in its place, as rule 21: "In all cases of a final decree for the payment of money, the libellant shall have a writ of execution in the nature of a fieri facias, commanding the marshal, or his deputy, to levy and collect the amount thereof out of the goods and chattels, lands and tenements, or other real estate, of the defendant or stipulator." It is quite clear that the supreme court intended to abolish attachments to compel the performance of general money decrees.

Although this court has, under section 725 of the Revised Statutes, power to punish, as a contempt of its authority, the disobedience of any party, or other person, to any lawful writ, process, order, rule, decree or command made by it, yet it cannot properly punish, as such a contempt, the failure of these sureties to pay these money judgments. By rule 48 in admiralty, made at the December term, 1850, of the supreme court, it is provided as follows: "Imprisonment for debt, on process issuing out of the admiralty court, is abolished in all cases where, by the laws of the state in which the court is held, imprisonment for debt has been, or shall be hereafter abolished, upon similar or analogous process issuing from a state court." By section 990 of the Revised Statutes of the United States it is provided as follows: "No person shall be imprisoned for debt in any state, on process issuing from a court of the United States, where, by the laws of such state, imprison-

ment for debt has been or shall be abolished. And all modifications, conditions and restrictions upon imprisonment for debt, provided by the laws of any state, shall be applicable to the process issuing from the courts of the United States to be executed therein; and the same course of proceedings shall be adopted therein as may be adopted in the courts of such state." The stipulations and bonds in this case are contracts, and contracts to pay money. The decrees are judgments requiring the payment of money due upon contracts. By the statutes of New York, imprisonment for debt is abolished as a remedy in execution of a judgment requiring the payment of money due on a contract, such as the contracts in this case. Laws N. Y. 1831, c. 300, § 1; Code Proc. §§ 12, 548–550, 1240, 1487.

The motion is denied, in all its branches.

[NOTE. For decision denying petition for mandamus to compel the circuit court to require the examination of the sureties, see Ex parte Phillips, 25 U. S. (Lawy. Ed.) 781.]