FRAZER & CHALMERS *v.* COLORADO DRESSING & SMELTING CO. and others.

*(Circuit Court, D. Colorado.* December, 1880.)

1. JURISDICTION—CREDITORS' BILL.—A federal court may entertain jurisdiction of a creditors' bill, although the parties to the suit may be compelled to testify under an act of congress.

2. SAME—SAME.—Such court may entertain jurisdiction of such bill, although the Code of the state gives special proceedings, having in view the same purpose, to reach any property of the judgment debtor, and subject it to execution under the judgment.—[ED.

In Equity. Demurrer.

*M. B. Carpenter,* for plaintiff.

*L. C. Rockwell,* for defendant.

HALLETT, D. J.    This is a creditor's bill, and a demurrer was put in upon the ground that there was no jurisdiction in equity in such matters, because the parties may now be compelled to testify under the act of congress; and also upon the ground that the Code of the state gives special proceedings, having in view the same purpose, to reach any property of the judgment debtor, and subject it to execution under the judgment.

As to the first ground, it is enough to say that this is not a bill for discovery only. It may be true as to bills for discovery, and especially where the discovery is sought in aid of an action at law, that there is no reason for entertaining them, since the statute allows parties to be examined, and all persons to be examined as witnesses in the cause. But this is not a bill of that character. It is true it seeks to discover what property and effects the company may have which may be subject to execution; but it also seeks to

bring this property into a situation in which it may be reached by the execution under the judgment, or to subject the property itself, when it shall be found, to the payment of the judgment. The purpose of the bill is something more than mere discovery. It is to reach the property, and have it applied to the payment of the judgment; and it is one of the oldest heads of equity jurisdiction, in proceedings of this kind, to secure to creditors the payment of their judgments, when the property of a debtor has been put in a situation in which it cannot be reached by execution at law.

Now, as to the statute of the state which gives a remedy for reaching the property and effects of a judgment debtor, the examination of the debtor himself, and all persons who may have knowledge as to the disposition of his effects, in a proceeding supplementary to the suit in which the judgment was obtained, it is only necessary to say that it is a special proceeding, which does not in any way effect the equity jurisdiction of this court.

There are many decisions of the supreme court to the effect, generally, that the authority and jurisdiction of the federal courts is not subject to the control of state legislation; and there are two decisions of circuit courts which I regard as directly in point in relation to such statutes as this. The first of these is the case of *Cropper* v. *Coburn,* reported in 2 Curtis' Reports, 465. A statute of Massachusetts provided that when an attachment should be levied upon the interest of one of several copartners in the partnership effects, other partners should be at liberty to give to the officer a bond to pay to the attaching creditor the appraised value of the debtor's share of the property attached. Upon bill filed in the circuit court to restrain the officer and the plaintiff in the attachment suit from levying a writ on partnership effects, it was held that the equity jurisdiction of the court was not at all affected by the statute of the state.

And in *Byrd* v. *Badger,* McAllister, 443, the precise question here presented arose in the circuit court for the district of California. That was a proceeding in the federal court under the statute of California, supplementary to execution. That

statute is similar to our own, if not exactly the same, and it was held upon full consideration that the statute was of no force or effect in the federal courts.

The demurrer to the bill will be overruled.