## SAGE *v.* ST. PAUL, S. & T. F. RY. Co.

*(Circuit Court, D. Minnesota.  July 20, 1891.)*

EXECUTION—SUPPLEMENTARY PROCEEDINGS—MONEY DECREE IN EQUITY.
    A money decree in an equitable suit in a federal court is sufficient to sustain proceedings supplementary to execution.

In Equity.
*Owen Morris*, for complainant.
*Wilson & Bowers*, for defendant.

NELSON, J.   I have delayed the decision in this case, as it is a question of practice, for the purpose of consulting with Judge THAYER as to the right of parties, after a money decree in equity entered in this court, to resort to the statutory proceedings called "supplementary proceedings" for the purpose of aiding and enforcing the execution.   The rule of the supreme court of the United States gives a party obtaining a money decree in equity the same final process to execute the decree that he would have in an action at law in case of a judgment obtained in *assumpsit*. Here a very large money decree was obtained against the defendant, and an application was made upon the return of the execution *nulla bona* for an examination of the judgment debtor on supplemental proceedings under the statute of the state of Minnesota, which was granted.   Counsel for defendant make this motion to set aside that order, contending that supplemental proceedings cannot be resorted to in the federal court to enforce a money decree in an equity case.   We have examined the case, and think, from analogous proceedings entertained by the supreme court of the United States in cases where special rights were given by the statute of a state, that the supreme court of the United States recognizes in all instances the authority of the federal court to enforce the remedy in precisely the same manner as the state court would enforce it, and there is no reason why the federal court cannot enforce a judgment at law or a money decree in equity in this manner, when the state courts would allow such a proceeding to be entertained.   The supreme court of the United States considered and recognized these supplementary proceedings in actions at law.   The argument in that court against the authority of using these supplemental proceedings, even in an action at law, was that they partook of an equitable nature, and, being statutory, they were not recognized as being within the equity practice; and that a party, to obtain a discovery, although he obtained a money judgment, must file a bill of discovery.   For some time since the passage of various statutes allowing parties to be witnesses and offering opportunities for disclosures, bills of discovery have been growing useless and nugatory.   But it seems to us there is another principle that should control the decision in this matter.   In the state court, whether the cause of action be of an equitable or a legal nature, parties have the right to these supplementary proceedings to enforce a judgment upon the return of an execution *nulla*

*bona;* and it would seem unjust that in this court, in the same state, and enforcing the same laws, a suitor undertaking to prosecute a decree to final issue should be debarred from resorting to the statutory right given to parties in the state courts. It seems to us that when the supreme court of the United States upholds supplementary proceedings in an action at law to enforce a judgment, they intimate that this proceeding can be resorted to indifferently, whether a legal or an equitable decree is sought to be enforced. Justice MATTHEWS, in *Ex parte Boyd*, 105 U. S. 658, says:

"Whatever logical or historical distinctions separate the jurisdiction of equity and law, and with whatever effect those distinctions may be supposed to be recognized in the constitution, we are not of opinion that the proceeding in question can partake so exclusively of the nature of either that it may not be authorized indefinitely as an instrument of justice in the hands of courts of whatever description."

I have examined the authorities cited by counsel for defendant, where Judge BLATCHFORD of New York denied the right in an admiralty court to resort to these proceedings. It seems to us there is a distinction in the cases. *The Blanche Page*, 16 Blatchf. 1. The state courts have no jurisdiction whatever in admiralty matters, and supplementary proceedings are given by statute. They belong to legal and equitable rights only. The motion to set aside the original application and order is denied.