REGINA MUSIC BOX CO. v. F. G. OTTO & SON et al.

(Circuit Court, D. New Jersey.   July 29, 1903.)

1. EQUITY—PRACTICE IN FEDERAL COURTS—STATUTORY PROCEEDINGS IN AID OF EXECUTION.

A federal court sitting in equity will not enforce a state statute providing for supplementary proceedings in aid of execution, which are designed to provide a statutory remedy at law as a substitute for a creditors' bill, but will leave the creditor to enforce his rights by the recognized equitable procedure.

In Equity.   On motion for appointment of receiver.
See (C. C.) 106 Fed. 78; (C. C.) 114 Fed. 505.

Antonio Knauth, for the motion.
Carl G. A. Schuman, opposed.

KIRKPATRICK, District Judge.   The complainants in this cause obtained a decree in this court requiring the defendants therein to account for their profits in manufacturing and selling a device which the court had adjudged to be an infringement of patents owned by the complainants.   The amount of such profits had been ascertained, and a further decree made requiring the defendants to pay the same. On an execution issued therefor, the marshal of the district has returned nulla bona.   Such a return having been made to the writ, the complainant obtained an ex parte order to examine the defendants respecting their property and choses in action, and now, upon the evidence adduced on such examination, ask for the appointment of a receiver of the defendant corporation.   These proceedings, known as "supplementary proceedings," are authorized by the statutes of several of the states, and are adapted to aid the enforcement of executions on judgments at law, and as a substitute for a creditors' bill in equity.   They provide a legal statutory remedy for an equitable one.   In Byrd v. Badger, Fed. Cas. No. 2,266, the court said:

"The examination of a judgment debtor being a substitute for a creditors' bill, and having for its assertion equitable rights, the action of the state Legislature cannot so far affect the equity jurisdiction of this court as to convert it into a common-law jurisdiction, by enabling a party to pursue in it an equitable right contrary to the established practice and proceedings of chancery."

That is to say, a federal court sitting in equity would not enforce an equitable right except in the manner prescribed by its own practice; that it would not assume a common-law jurisdiction and enforce in equity the state statutes respecting supplementary proceedings.

¶ 1. See Courts, vol. 13, Cent. Dig. § 905.

In the case of Frazer v. Colorado Dressing & I. Co. (C. C.) 5 Fed. 163, the court went much further, and held that the state statutes authorizing supplementary proceedings were of no force and effect in federal courts, and cited the case of Byrd v. Badger, supra, as authority therefor. In 1872 Congress passed an act providing that "a party recovering a judgment in a common law cause in any Circuit or District Court shall be entitled to similar remedies * * * by execution or otherwise to reach the property of the judgment debtor as are now provided in like causes by the laws of the state in which said court is held." Act July 1, 1872, c. 255, § 6, 17 Stat. 196. This statute limited the right to the use of supplementary proceedings to those who had recovered judgment in a common-law cause, and in 1881, in Re Boyd, 105 U. S. 647, 26 L. Ed. 1200, the Supreme Court said that "a party in whose favor judgment is rendered in a common-law cause is entitled to the remedy known as supplementary proceedings."

It would seem, then, that the federal courts sitting in equity have refused to enforce the statutes of the states respecting supplementary proceedings, as being an exercise of common-law jurisdiction, and have left the creditor to his equitable remedy of a creditors' bill, and that the act of Congress above referred to limits the right to such remedy to judgments recovered in actions at common law.

I am of the opinion that the order for the examination of the defendants was improvidently granted, and that the motion for a receiver should be denied.