WALKER v. MONAD ENGINEERING CO.

(Circuit Court of Appeals, Second Circuit.    April 8, 1912.)

No. 199.

Courts (§ 80*)—Rules—Supplementary Proceedings—Federal Courts.

Pursuant to Rev. St. § 918 (U. S. Comp. St. 1901, p. 685), providing that practice in the several District Courts of the United States shall be regulated by the court's own rule, and authorizing the adoption of rules not inconsistent with any laws of the United States, or with any rule prescribed by the Supreme Court, and to regulate its own practice as may be necessary or convenient for the advancement of justice and the prevention of delays, the court was authorized to adopt a rule providing that, if any execution against property shall be returned wholly or par-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tially unsatisfied, the execution plaintiff may obtain ex parte an order for the examination of the execution defendant and such other persons as witnesses as he may show to be material, and requiring the persons so ordered to appear and testify, and, if on consideration the evidence is deemed proper, the execution may be taken in accordance with the practice in respect to bills of discovery.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 282–292; Dec. Dig. § 80.*]

Appeal from the District Court of the United States for the Southern District of New York.

Libel by Charles L. Walker against the Monad Engineering Company. Libelant having obtained a decree against the corporation for $6,111.45, on which $100 was received on account, execution was issued for the balance and returned unsatisfied, whereupon libelant obtained an order requiring defendant's officers to appear before a United States commissioner, to be examined concerning the corporation's property, and from such order and from an order denying a motion to vacate the same defendant appeals. Affirmed.

Foley & Martin (William J. Martin and Frank A. Spencer, Jr., of counsel), for appellant.

Horace L. Cheyney, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Upon the return of the execution unsatisfied, libelant, upon a petition setting forth the facts, applied for the order appealed from. This application was based upon (new) rule 46 of the District Court, Southern District of New York, which went into effect January 1, 1912, and which reads as follows:

"If any execution against property shall be returned wholly or partly unsatisfied, the execution plaintiff may obtain ex parte an order for the examination of the execution defendant and of such other persons as witnesses as he may show to be material. The depositions of the persons ordered to appear shall be taken before a judge or a commissioner named in the order, and if on consideration of the evidence it is deemed proper by the court, further proceedings for the discovery of assets to satisfy the execution may be taken in accordance, as nearly as may be, with the practice of courts of equity in respect of bills of discovery."

The only question here presented is whether the District Court had authority to make such a rule.

Appellant contends that the procedure provided for by this rule is in reality a new action or proceeding entirely apart from the original action. Authorities in the state courts are referred to which discuss the provisions of statute which in different states create a complete procedure supplementary to execution, not only for discovery, but also for seizing property of a judgment debtor not susceptible to levy, through the appointment of a receiver, and, finally, disposing of the property so seized. Such procedure, where it has been provided by statute, takes the place of a creditor's bill. These citations from state authorities are inapplicable, because the remedy provided by the forty-sixth rule falls very far short of the exhaustive procedure provided for in the state statutes. It merely allows the judgment creditor to

examine the judgment debtor and other witnesses, in order to discover whether there are any assets of the debtor out of which the judgment may be satisfied. It may be that such examination will disclose property of such a character that it can be reached only by other proceedings. But its sole purpose is to discover such property and its whereabouts—a convenient substitute for the formal bill of discovery in equity—and to that extent it is auxiliary merely, however the state courts may describe their own more elaborate proceedings.

The rule is an excellent one, and should be sustained if the District Court had the power to make it. Section 918 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 685) reads as follows:

"Sec. 918. Practice in several courts to be regulated by their own rule. The several Circuit and District Courts may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the Supreme Court under the preceding section, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

Since we regard this new rule as being merely a regulation of practice in the court, which, if not absolutely necessary, is certainly convenient for the advancement of justice and the prevention of delays, and it does not appear to be inconsistent with any provision of statute or any Supreme Court rule, we are satisfied that the District Court had the power, under section 918, to enact it.

The authorities cited by appellant are not persuasive to any different conclusion. In Byrd v. Badger, 1 McAll. 443, Fed. Cas. No. 2,266, no rule had been adopted by the Circuit Court under the powers conferred by Act March 3, 1793, and Act Aug. 23, 1842 (from which section 918 of the Revised Statutes is derived). The same may be said of The Blanche Page, 16 Blatch. 1, Fed. Cas. No. 1,524, where Judge Blatchford held that examination of the judgment debtor could not be had, saying: "There is no statute which confers those powers, nor is there any rule of court which does so." In Saylor v. Taylor, 77 Fed. 476, 23 C. C. A. 343, the subject of consideration was not a mere matter of practice but involved substantive law, viz., the priority of maritime liens. In Regina Music Box Company v. Otto (C. C.) 124 Fed. 747, the court referred only to the statute; no rule of court had been adopted. There is a very instructive discussion of the power of the District Court to regulate its practice, in the opinion of Judge Addison Brown, reported in The Hudson, 15 Fed. 162.

The order is affirmed.