## THE SAGAMORE.

### ROESSLER & HASSLACHER CHEMICAL CO. v. NEW YORK & NEW JERSEY STEAMBOAT CO. et al.

(District Court, E. D. New York. December 2, 1924.)

1. **Courts** ⬤⟷355—Federal District Court without authority to order supplementary proceedings to enforce decree in admiralty, in absence of District Court rule.

Federal District Court *held* without power to institute supplementary proceedings to enforce the collection of a decree in admiralty, in the absence of court rule as authorized by Rev. St. § 918 (Comp. St. § 1544), permitting such proceedings; Statutory Conformity Law, § 6 (Comp. St. § 1540), referring only to common-law actions.

2. **Subrogation** ⬤⟷31(4)—Court cannot direct assignment of libelant's rights on payment of decree by claimant only secondarily liable.

Notwithstanding that a decree made claimant's liability secondary to that of respondent, the court cannot direct assignment by libelant of its claim against respondent on payment of decree by claimant, however equitable such order would be.

In Admiralty. Libel by the Roessler & Hasslacher Chemical Company against the steam lighter Sagamore, etc., the New York & New Jersey Steamboat Company, claimants, with the Nypania Transportation Company impleaded. On motion of claimant for an order staying execution and for other relief. Motion denied.

Theodore L. Bailey, of New York City, for libelant.

Haight, Smith, Griffin & Deming, of New York City, for claimant.

Merrill, Rogers, Gifford & Woody, of New York City, for respondent impleaded.

GARVIN, District Judge. The claimant has moved for an order:

(1) Directing that the issuance of execution against the steam lighter Sagamore, her claimant and stipulators, for costs and for value, be stayed pending the further order of this court.

(2) Directing the libelant to take appropriate steps to collect the amount of the final decree on mandate heretofore entered herein from the Nypania Transportation Company, Inc., the respondent impleaded, by examination of its officers, in particular J. Valentine Muller, Esq., vice president, in supplemental proceedings, by seizure of its property, and by such other means, including docketing the said judgment in the United States District Court for the Southern District of New York and for the District of New Jersey, and issuing execution and taking other appropriate steps thereunder as may be necessary to enforce the primary liability of the said respondent-impleaded; or, in the event that the court is unwilling to grant the said request,

(3) Directing the respondent impleaded, the Nypania Transportation Company, Inc., and J. Valentine Muller, Esq., vice president, to appear before commissioner, on the ——— day of 1924, for examination by the claimant as to the location and extent of the assets of the said corporation, to the end that the claimant may not be called upon to pay the judgment for which it is only secondarily liable; prior to the exhausting of its remedies against the party primarily liable; and in either case

(4) Restraining the respondent impleaded from disposing of its assets or any of them until the further order of the court.

(5) Giving the claimant such other and further relief as may be just in the premises.

This action came on for trial, upon which the libel was dismissed. On appeal to the Circuit Court of Appeals (300 F. 701), the decree dismissing the libel was reversed and the court directed that a decree be entered in favor of libelant which should run primarily against the Nypania Transportation Company, Inc., with secondary liability against the steam lighter Sagamore, her claimant, stipulators, etc. The amount of the damage was stipulated, and a final decree was entered in accordance with the mandate of the Circuit Court of Appeals. The libelant issued execution against the Nypania Company, but could not collect, and the claimant of the Sagamore, which now becomes liable to the libelant under the decree, seeks the relief hereinbefore set forth.

It has been repeatedly charged, and I do not understand has been seriously denied, that the relations between the libelant and respondent are interlocking; indeed, there is good reason to believe that the respondent has transferred all its property in order that the claimant may be forced to pay the amount of the decree. This, of course, was not intended by the Circuit Court of Appeals, and I have no hesitation in reaching the conclusion that a meritorious case is presented by this application. It is the duty of this court to take such action as is within its power to prevent any attempt to avoid the effect of a decision of the Circuit Court. I am of the opinion that there is reasonable ground to believe that a full investigation would reveal that a voidable transfer of property, which should have been applied by the respondent to payment of the decree, has been made. Of course, this does not involve any suggestion —much less a finding—of fraud.

The applicant on this motion relies upon the Statutory Conformity Law. Section 1540, of the Compiled Statutes reads as follows:

"The party recovering a judgment in any common-law cause in any * * * District Court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such * * * District Court; and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

[1] The claimant invokes the aid of the court in an admiralty suit. The act refers only to common-law actions. The relief sought was refused by Judge Blatchford, in Blanche Page, 16 Blatchf. 1, Fed. Cas. No. 1,524. It was held in Regina Music Box Co. v. Otto (C. C.) 124 F. 747, that an examination in supplementary proceedings would not be permitted to enforce the collection of a decree in equity inasmuch as such a remedy was limited to judgments in actions at common law. U. S. R. S. § 918 (Comp. St. § 1544), provides:

"The several (Circuit and) District Courts may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the Supreme Court under the preceding section, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the

advancement of justice and the prevention of delays in proceedings."

An admiralty rule had been adopted in the Southern district of New York which reads as follows:

"If any execution against the property shall be returned wholly or partly unsatisfied the execution plaintiff may obtain ex parte an order for the examination of the execution defendant and of such other persons as witnesses as he may show to be material. The depositions of the persons ordered to appear shall be taken before a judge or a commission named in the order, and if on consideration of the evidence it is deemed proper by the court, further proceedings for the discovery of assets to satisfy the execution may be taken in accordance, as nearly as may be, with the practice of courts of equity in respect of bills of discovery."

No rule similar to that just set forth exists in this district. I am therefore brought to the conclusion that this court is without power to institute supplementary proceedings to enforce the collection of a decree in admiralty.

[2] Upon the several arguments of the motion that have been had, the claimant has urged that if the court concludes that it is without power to direct the institution of supplementary proceedings an order be made directing the Roessler Chemical Company to assign all its rights against the Nypania Transportation Company to the claimant upon the payment by the latter of the amount of the decree, citing Townsend v. Whitney, 75 N. Y. 425, and Tyler v. Hildreth, 77 Hun, 580, 28 N. Y. S. 1042.

Both of these cases involved payment by the surety of a judgment against his principal. I understand the effect of the decision of the Circuit Court of Appeals in the instant case to have been that both the claimant and the respondent were liable, but that because of the circumstances the court would direct that recourse be first had against the Nypania Transportation Company.

I do not understand that the respective liabilities of the parties as fixed by the court are in the nature of those of principal and surety.

I am therefore of the opinion that the court is without power to direct an assignment as prayed by the claimant. If the claimant concludes to review this determination, the order to be entered may contain a recital of the finding of the court that a meritorious case is presented by this application, and may contain a stay of 10 days in order to permit the claimant to make application to the Circuit Court of Appeals for a further stay pending a review of this order, if that court is of the opinion that the questions involved should be considered.

Settle order on notice.