## FREEDMAN et al. v. SANDERSON, U. S. Com'r.

District Court, D. Massachusetts. April 12, 1929.

No. 4041.

Joseph B. Jacobs and Jacobs & Jacobs, all of Boston, Mass., for plaintiff.

Essex S. Abbott, of Boston, Mass., for defendant.

BREWSTER, District Judge. This is a petition for a writ of prohibition to restrain the United States commissioner from proceeding further with certain poor debtor process against Abraham Freedman and Ben-

jamin Freedman. The essential facts upon which the matter was presented are not in dispute and are as follows:

James T. Fitzgerald, as trustee in bankruptcy of the Lynway Shoe Company, brought two bills in equity in this court to recover alleged preferences, consisting of payments of money which were claimed to be voidable under the Bankruptcy Act. In both of these suits the plaintiff prevailed, and decrees were entered in substance adjudging the payments to be unlawful preferences, and ordering that the amount, with interest thereon, be paid to the plaintiff, and that execution issued thereon.

In accordance with said decrees, the executions were issued in each case. See equity rule 8. The executions not being satisfied the plaintiff, named therein, filed with the United States commissioner an application for supplementary process under chapter 224 of the General Laws of Massachusetts, as amended by section 2 of chapter 334 of the Acts of 1927. Upon this application the commissioner issued a summons requiring the judgment debtors to appear at a time and place named therein and submit to an examination relative to their property and their ability to pay. The summons was duly served upon the debtors, and they bring this petition for a writ of prohibition, attacking the jurisdiction of the commissioner to entertain the application for said supplementary process.

The jurisdiction of the commissioner is assailed, principally upon the ground that the debtors were defendants in equity suits, and that, under federal statutes and the rules of this court, the Massachusetts statutes relating to supplementary proceedings to reach and apply property of a judgment debtor to the satisfaction of the judgment cannot be invoked in equity proceedings.

Since the enactment of the act of 1927, a person can be arrested on mesne process or on execution only, if it appears to the satisfaction of the court that the debtor is about to leave the state.

The act of 1927 further provides that a judgment debtor may be examined relative to his property and his ability to pay, and if, after examination, the court finds he has no property and is unable to pay, he is discharged, but if he has property, or is able to pay, the court may make an appropriate order, either requiring him to reveal property for the purpose of satisfying the execution, or to assign the same to the judgment creditor, or the court may, in such proceedings, order the payment of the claim in installments. A debtor failing to comply may be punished for contempt.

The act of 1927, therefore, is the law now in force, governing not only the arrest and discharge of judgment debtors on execution, but governing also supplementary proceedings to reach and apply property to the satisfaction of a debt reduced to judgment.

R. S. § 916 (U. S. Code, tit. 28 [28 USCA] § 727), provides as follows:

"The party recovering a judgment in any common-law cause in any [Circuit or] District Court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such [Circuit or] District Court; and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

One of the rules adopted by this court provides that, "As authorized by sections 915 and 916 of the Revised Statutes, the court will follow, in actions at law, all laws of the commonwealth of Massachusetts in force at the time being, * * * in relation to remedies upon judgments, by execution or otherwise. * * *" Rule 53.

It is my opinion that, by virtue of this rule, this court has adopted the laws of Massachusetts as embodied in the enactment of 1927, but it will be noted that, under the above statute and rule, the court adopts these laws only in actions at law.

The Conformity Act—R. S. § 914 (U. S. Code, tit. 28 [28 USCA] § 724)—by its express terms excludes equity and admiralty causes, and the same is true of R. S. § 915 (U. S. Code, tit. 28 [28 USCA] § 726). The manifest intention running through all of these statutes was to enable the federal courts to follow certain applicable provisions of state laws in common-law causes only and not in equity proceedings. As I read sections 990 and 991 of the Revised Statutes (U. S. Code, tit. 28 [28 USCA] §§ 843 and 844), relied upon somewhat by the respondent, these sections are not inconsistent with the views above expressed.

These sections have to do with state laws governing imprisonment for debt and discharge of persons arrested or imprisoned on mesne process or execution, and both of these sections are sufficiently broad in their ap-

plication to reach any process issuing from a court of the United States. My attention is also directed to the provisions of section 990, that "all modifications, conditions, and restrictions upon imprisonment for 'debt, provided by the laws of any state, shall be applicable to the process issuing from the courts of the United States to be executed therein; and the same course of proceedings shall be adopted therein as may be adopted in the courts of such state."

In the case at bar there is no suggestion that the debtors were about to leave the state, and there was no application for their arrest on execution. We are not concerned, therefore, with any modification, condition, or restriction upon imprisonment for debt. The proceedings here involved, and which are the subject of the petitioners' attack, are proceedings to reach and apply property to the satisfaction of a decree in equity. I am of the opinion that sections 990 and 991 confer upon the commissioner no authority to proceed with supplementary process under the statutes of Massachusetts, where there is no application for the arrest of the debtor. The only federal statute, to which we could possibly look for this authority, is R. S. § 916, already considered, and which we have seen is limited in its application to those who hold a "judgment in any common-law cause." Regina Music Box Co. v. Otto & Sons (C. C.) 124 F. 747. See, also, Hudson v. Wood (C. C.) 119 F. 764. The plaintiff, who has instituted these proceedings before the commissioner, cannot possibly be said to have recovered a judgment in a common-law cause.

It is urged upon the court that the provisions of equity rule No. 8, to the effect that "final process to execute any decree may, if the decree be solely for the payment of money, be by a writ of execution in the form used in the District Court in suits at common law in actions of assumpsit," give to a judgment creditor holding such an execution the same remedies which a creditor in a common-law action would have under the laws of the state, which have been adopted by this court.

I am unable to agree that the writ of execution issued upon a decree in an equity suit carries with it all the remedies open to a plaintiff who had recovered judgment in a common-law action. The provisions of this rule cannot override the express provisions of the statute relative to proceedings to reach and apply a debtor's property, which are expressly limited in their application to common-law actions.

Furthermore, it would serve no useful purpose to ingraft upon federal equity jurisprudence the provisions of state statute that are here involved. This court, as a court of equity, has abundant power to enforce its own decrees without resorting to state statute. If the decrees are disobeyed, contempt proceedings may be instituted, and in these proceedings the court may inquire relative to the debtor's property and his ability to pay, and may enforce its orders by commitment for contempt, in very much the same way as the state court can enforce its orders and decrees under the state supplementary proceedings.

The writ of prohibition may issue as prayed for.