**COMMONWEALTH BANK & TRUST CO. OF SAN ANTONIO, TEX., et al. v. COLLINS MORTG. CO. et al.**

No. 4483.

District Court, S. D. Iowa, Central Division.
Feb. 12, 1935.

Stipp, Perry, Bannister & Starzinger, of Des Moines, Iowa, for plaintiffs.

Havner, Flick & Powers, of Des Moines, Iowa, and Henning & Baker, of Chicago, Ill., for Collins Mortg. Co.

Tinley, Mitchell, Ross & Everest, of Council Bluffs, Iowa, and Carr, Cox, Evans & Riley, of Des Moines, Iowa, for Equitable Life Assur. Soc. of the United States.

Donald Barnes and Grimm, Elliott, Shuttleworth & Ingersoll, all of Cedar Rapids, Iowa, for Cedar Rapids Nat. Bank and Merchants' Nat. Bank of Cedar Rapids, Iowa.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court at Des Moines, Iowa, on the 2d day of February, 1935, on motions of the defendants to dismiss a garnishment proceeding instituted by the plaintiff. The facts as stated by the plaintiff in its brief and established by the record, of which the court will take judicial notice, are as follows:

"This suit was brought against both the Collins Mortgage Company and the Equitable Life Assurance Society. After the introduction of the evidence and the submission of the case before the Master, and pending the filing of the findings of the Master, these two defendants started to negotiate a settlement of their differences in another case pending in this court and adjourned the taking of testimony in that case pending between them. At this juncture, the plaintiff filed in this case an application for an order to prevent such a settlement taking place, without regard to plaintiff's rights, and this court entered an order enjoining the defendant, the Equitable Life Assurance Society of the United States, from paying any money or thing of value to the Collins Mortgage Company pending the decision of this case and pending the levying 'of a writ of garnishment on the Equitable Life Assurance Society as a debtor of the Collins Mortgage Company.' This order was duly served on both defendants by the Marshal.

"Thereafter and in due course, the Master found the Collins Mortgage Company had taken and received a note secured by mortgage on land, the proceeds of which had been assigned to and belonged to plaintiff, and that the Collins Mortgage Company had sold and transferred this note and mortgage representing said debt to the Equitable Life Assurance Society, without settling with the owner of the land or with the plaintiff for said mortgage. The Master recommended to the court a judgment against the Collins Mortgage Company for some $9,320.00 and the dismissal of the case

as to the Equitable Life Assurance Society. The finding of the Master was confirmed by the Court and a decree was entered accordingly.

"An execution was issued on the decree from the office of the Clerk and a garnishment levied upon all funds in the hands of the Equitable Life Assurance Society due Collins Mortgage Company. The general agent for Iowa of the Equitable Life Assurance Society answered the notice of garnishment stating that the company would answer in court.

"Upon application of the plaintiff, this Court ordered said execution further levied by serving said writ of garnishment on the Collins Mortgage Company in Cedar Rapids, Iowa, by the Marshal of the Northern District of Iowa, as shown by the files in this case. Conformably to said order of this court, the said execution was levied and said writ of garnishment served by said Marshal for the Northern District of Iowa in Cedar Rapids."

The Equitable Life Assurance Society of the United States, garnishee defendant, and the Collins Mortgage Company, defendant, each filed a special appearance, and move to quash the garnishment proceedings on the ground that the court is without jurisdiction to entertain or hear the garnishment proceedings; the claim being that the judgment that was entered in the suit was in an equitable proceeding and that there is no right, power, or authority of the court to institute a garnishment, as this could only be done in an action at law.

The parties have filed extensive and exhaustive briefs on this question, and much can be said on both sides.

The contention of the movants finds support in the case of United States v. Swan (C. C. A.) 65 F. 647, and followed by Freedman v. Sanderson (D. C.) 32 F.(2d) 275; while the plaintiff finds support in its contention that the garnishment proceedings should not be dismissed in the cases of Pease v. Rathbun-Jones Engineering Co. (C. C. A.) 228 F. 273; Brown v. Fletcher (D. C.) 239 F. 360, 362; and see Vol. 5, Cyc. of Federal Procedure, p. 292, § 1614 (note 11).

 It seems to me that the mere reading of Equity Rule 8, 28 USCA § 723, answers all the objections of the movants, when it says: "Final process to execute any decree may, if the decree be solely for the payment of money, be by a writ of execution, in the form used in the District Court in suits at common law in actions of assumpsit."

Here expressly is a right to enforce a decree in an equity suit, where the judgment is for the payment of money only, by a proceeding at law theretofore unknown to equity procedure. The argument then that a decree in an equity court cannot be enforced by an execution at law is answered.

The only question is as to the interpretation of the word "execution"; whether it should be interpreted in the narrow sense or in a larger sense to include supplementary proceedings at law, such as a writ of garnishment.

The suggestion that this might interfere with the rights of the parties in a law action to have a trial by jury is answered by Equity Rule 23, 28 USCA § 723, which gives the court authority to transfer the case for the purpose of hearing any law action by a jury if necessary.

The decision of Judge Taft in United States v. Swan (C. C. A.) 65 F. 647, was rendered some considerable time ago. It is now recognized generally that the tendency of the courts is to release the rigor of the common law and technical rules because they are a bar in many cases in the administration of substantial justice. Pittsburgh Terminal Coal Corporation v. Bennett (C. C. A.) 73 F.(2d) 387; and see Enelow v. New York Life Ins. Co., 293 U. S. 379, 55 S. Ct. 310, 79 L. Ed. ——, decided by the Supreme Court of the United States, January 7, 1935.

Whatever uncertainty this court may have with reference to the situation disclosed is set at rest by a decision in this circuit by Judge Nelson in the case of Sage v. St. Paul, S. & T. F. Ry. Co. (C. C.) 47 F. 3, wherein the judge said: "I have delayed the decision in this case, as it is a question of practice, for the purpose of consulting with Judge Thayer as to the right of parties, after a money decree in equity entered in this court, to resort to the statutory proceedings called 'supplementary proceedings' for the purpose of aiding and enforcing the execution. The rule of the supreme court of the United States gives a party obtaining a money decree in equity the same final process to execute the decree that he would have in an action at law in case of a judgment obtained in assumpsit. Here a very large money decree was obtained against the defendant, and an ap-

plication was made upon the return of the execution nulla bona for an examination of the judgment debtor on supplemental proceedings under the statute of the state of Minnesota, which was granted. Counsel for defendant make this motion to set aside that order, contending that supplemental proceedings cannot be resorted to in the federal court to enforce a money decree in an equity case. We have examined the case, and think, from analogous proceedings entertained by the supreme court of the United States in cases where special rights were given by the statute of a state, that the supreme court of the United States recognizes in all instances the authority of the federal court to enforce the remedy in precisely the same manner as the state court would enforce it, and there is no reason why the federal court cannot enforce a judgment at law or a money decree in equity in this manner, when the state courts would allow such a proceeding to be entertained. * * * It seems to us that when the supreme court of the United States upholds supplementary proceedings in an action at law to enforce a judgment, they intimate that this proceeding can be resorted to indifferently, whether a legal or an equitable decree is sought to be enforced. [Citing Ex parte Boyd, 105 U. S. 647, 658, 26 L. Ed. 1200.] * * *"

Under the Iowa practice it would be a surprise to any attorney in Iowa to learn that he could not get out a writ of execution and the supplemental writ of garnishment on a money judgment obtained in an equitable proceeding. The practice in Iowa is that this be done, and it is also the practice in this court. By local rule of this court, No. 21, the court adopts, in law cases, all state laws now in force in the state in relation to attachment, garnishment, and other process against the property of the defendant, subject to the limitations contained in the laws of the United States.

The motions to quash the process of this court should be overruled. The clerk will therefore enter the following order:

The above-entitled cause having come on for hearing in open court at Des Moines, Iowa, on the 2d day of February, 1935, on a special appearance of the Collins Mortgage Company, defendant, and a special appearance of the Equitable Life Assurance Society of the United States, garnishee, and a motion to quash the process of this court, supplementary to an execution, said appearances and motions are overruled and the Equitable Life Assurance Society of the United States, garnishee, and the Collins Mortgage Company, defendant, except.