**BURNS BROS. v. THE CENTRAL R. R. OF NEW JERSEY NO. 42 et al.**

**THE BURNS BROS. 77.**

No. 19326.

United States District Court
E. D. New York.

June 8, 1953.

Alexander & Ash, New York City, proctors for libellant, by Sidney A. Schwartz, New York City, advocate.

Vincent E. McGowan, New York City, proctor for claimant-respondent, The Central Railroad Company of New Jersey.

Burlingham, Hupper & Kennedy, New York City, proctors for respondent-impleaded, William Wyer, as successor trustee of Long Island R. Co.

BYERS, District Judge.

The libellant has presented a motion in this protracted litigation most recently discussed in 2 Cir., 202 F.2d 910, seeking three forms of relief, of which the first and third were disposed of at argument, practically on consent, and require no discussion; the second presents the matters now in controversy:

"(2) Directing that summary judgment be entered in the sum of $11,948.-77 against William Wyer, as successor Trustee of the Long Island Railroad Company, and against the Central Railroad Company of New Jersey, the claimant of the carfloat 'CRR of N. J. # 42', and its stipulator, United States Fidelity & Guaranty Company, and that the restraining order, entered in the reorganization proceeding of Long Island Railroad Company, be modified so as to allow execution in the first instance to issue against William Wyer, as successor Trustee of the Long Island Railroad Company, and upon its return unsatisfied then execution for the aforesaid amount to issue against Central Railroad Company of New Jersey and United States Fidelity & Guaranty Company, * * *"

For the motion, the libellant points out that the legal redress which has rewarded its efforts has to do with an occurrence on April 1, 1945 and that thus far it has been unable to collect anything on account of the decrees in its favor.

The present barrier exists because primary liability against the Long Island Railroad Company cannot be enforced by reason of the restraining order entered upon the filing of petition under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, since eventual emergence of that debtor from the bankruptcy proceedings and the resumption of its property cannot now be forecast in point of time.

Libellant argues that under these circumstances recourse should promptly be had to the Central Railroad of New Jersey as owner of the carfloat C.R.R. of N. J. No. 42— the claimant of that vessel—against which the proceedings in rem have resulted in a decree in its favor, to the extent that secondary liability has been found to attach thereto.

If it were possible to make an order directing that the secondary liability be liquidated forthwith, reserving to the owner of the carfloat the right to recoup itself against the Long Island Railroad in bankruptcy, the result according to Benedict would be just and equitable.

Thus, Benedict on Admiralty (6th Ed.) § 417c, in discussing the respective liabilities of two parties—one primary and the other secondary—reads:

"The admiralty court has power to make a decree accordingly. Under such a decree the successful party may not resort to the secondary respondent unless and until he has taken execution against the party primarily liable and had it returned unsatisfied. The secondary party should, on equitable

principles, be entitled to recover from the primary party whatever he has to pay to settle the decree. It has been said that he may not do so. (The Sagamore, [D.C.], 3 F.2d 689.) (Reversed on other grounds 300 F. 701.)

"This decision, however, seems contrary to the general power of the admiralty court to entertain a suit for recovery over. (Moran Towing & Transportation Co. v. Navigazione Libera Triestina, [2 Cir.], 92 F.2d 37.)"

The second citation does not involve primary and secondary liability, but a relationship in which a resulting duty to indemnify was found to be present under circumstances which seem not to require statement.

The nature of the present primary and secondary liabilities has been declared in the opinion of the Court of Appeals above referred to in the following language, 202 F.2d 910 at page 914:

"But in the admiralty, as at common-law, every tort-feasor is liable *in solido*; and the rule allowing contribution between the two does not affect the liability of each to the party injured."

The foregoing is understood to mean that the obligations of the carfloat and the Long Island Railroad are contemporaneous, co-terminal and concurrent—not consecutive, as would be the case if the carfloat were to be held to be a guarantor or insurer of the primary obligation.

If the foregoing correctly states the legal relation of these parties, it results that the Court is without power, sitting in admiralty, to direct that the stay which operates against all creditors of the Long Island Railroad as at the filing of the petition, be lifted in favor of this particular one, if the bankruptcy law is to be impartially administered.

It also means that the failure of the Court to do that cannot be regarded as the equivalent of the return of an execution unsatisfied, which would be the necessary prerequisite to present collection of the secondary liability. Motion denied. Settle order.