By the Court, E. Darwin Smith, J.
This case was correctly disposed of at the Special Term. The complaint, which was read on the trial, states that the defendant’s testator, L. K. Cole, deceased, and one Geo. Draper, were formerly partners in business, and as such became indebted to the plaintiff in the sum of $502.26, for goods sold, &c.; that Cole afterwards died; that the plaintiff had sued Draper, the surviving partner, for such debt, and duly recovered a judgment for $534.50, damages and costs; and that an execution in due form of law had been issued on such judgment, to the proper sheriff, which had been duly returned unsatisfied. The defendant’s counsel objected, at the trial, that no cause of action was stated in the complaint, and moved that it be dismissed, for that reason; which motion was denied by the circuit judge, and the defendant’s counsel duly excepted. This exception presents the only real point of controversy in the action. This exception, and this point, are clearly not well taken. The complaint states a clear cause of action in equity against the executrix of the deceased partner of the firm of Draper & Cole. It shows that the plaintiff had exhausted his remedy at law as against the surviving partner. This is all that is required, in any of the cases. Indeed most of the cases state the rule less strictly, and hold that it is sufficient to aver and prove that the surviving partner is insolvent. In Voorhis v. Childs’ Executor, (17 N. Y. 357,) Judge Selden states the rule to be, that in such action “it is indispensable to aver either that the survivors have been prosecuted to execution at law, or that they are without the means of payment. ’ ’ The averment in the complaint in this action is, in force and effect, that the plaintiff had exhausted his remedy at law. The recovery of judgment with the issuing and return of an execution unsatisfied thereupon did, and does, exhaust the legal remedies of the plaintiffs on the judgment for the collection of their debt against the judgment debtor. Nothing *401 remains to be performed with the ordinary machinery of the courts. Proceedings supplementary to execution, as authorized by the Code, are not strictly legal, but equitable, proceedings. They are a substitute for the creditors’ bill of the courts of equity, which may still be used to reach the equitable property of thé judgment debtor. The plaintiff had strictly exhausted his legal remedy for the collection of his debt against the surviving partner; and this was sufficient to entitle him to recover the same from the estate of the deceased partner. He had made conclusive proof of the insolvency of the surviving partner; for the return of an execution unsatisfied, in such cases, is conclusive evidence of insolvency. The defendant was allowed to show fraud and collusion between the sheriff and the plaintiffs, in which he entirely failed. The plaintiffs’ right of recovery is fully sustained in principle by the cases of Voorhis v. Childs’ Ex'r, (supra;) Tracy v. Suydam, (30 Bart. 115;) Orphan House v. Lawrence, (11 Paige, 80; 2 Denio, 577;) Richter v. Poppenhausen, (42 N. Y. 376.)
[Fourth Department, General Term, at Rochester,
September 10, 1872.
Mullin, Talcott and E. D. Smith, Justices.]
The judgment should be affirmed, with costs.