In re GOUGH.

(Supreme Court, Appellate Division, First Department.   June 17, 1898.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS.

Where a judgment is recovered upon a Lloyd's policy, against the attorneys in fact as such, an execution may properly be issued, under Code Civ. Proc. § 1371, directing its satisfaction from a trust fund delivered to and held by them under the terms of the policy upon an express trust for the satisfaction of such judgments; and upon its return unsatisfied supplementary proceedings may be instituted against the defendants for the purpose of reaching the fund.

Appeal from special term, New York county.

In the matter of the application of Arthur E. Gough, judgment creditor.   From an order denying motion to vacate order in supplementary proceedings, the debtor appeals.   Affirmed.

The action was brought upon a Lloyd's policy of insurance against the attorneys in fact of the underwriters.   The policy stated that each of the underwriters had deposited with the attorneys in fact a specified sum, aggregating $22,500, which was to be held by the attorneys as a trust fund for the payment of claims and losses under the policy, and it declared them to be trustees of the fund as trustees of an express trust for that purpose, and that "judgment entered in an action against said attorneys as such trustees as aforesaid shall be satisfied out of such trust fund in the hands of said attorneys."   Judgment was rendered against the defendants as attorneys in fact. Upon this judgment an execution was issued, directing the sheriff to satisfy the judgment "out of a trust fund held by the defendants as trustees," describing the trust fund mentioned in the policy.   Upon the return of the execution unsatisfied, the plaintiff obtained the order in supplementary proceedings for the examination of the defendants, "to make discovery on oath concerning the said trust fund."

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

G. M. Mackellar, for appellant.
Arthur S. Luria, for respondent.

PER CURIAM.   Upon the granting of the order to show cause in this case the following opinion was delivered by Mr. Justice PRYOR:

"The judgment is against the defendants as trustees, and the object of the proposed examination is to reach a fund deposited with them for satisfaction of the judgment.   A supplementary proceeding is a substitute for a creditors' bill (Pope v. Cole, 64 Barb. 408), and the case authorizes such a bill (Code, § 1371).   It is objected that a supplementary proceeding is not available against a trustee, but the adjudications cited for the contention do not support it.   In re Jung, 16 Wkly Dig. 563, the irregularity of the judgment was the ground of decision.   In Collins v. Beebe, 54 Hun, 318, 7 N. Y. Supp. 442, the proceeding was held untenable, because the statute authorizes an execution, and nothing further, against the estate of a decedent.   The argument in neither case applies to the present.   Lynch v. Johnson, 48 N. Y. 27, 33.   The legal title to the fund is in the defendants, and they are the judgment debtors. The execution is in proper form.   Code, § 1371.   Here, then, is a fruitless exe-

cution against the only property of the judgment debtors available to the plaintiff,—a fund specifically devoted to the satisfaction of his judgment,—and it were manifest injustice to refuse him its benefit. A supplementary proceeding is a remedial process, and a liberal construction should be indulged to uphold it."

In accordance with the views therein expressed, the order appealed from should be affirmed, with $10 costs and disbursements.