# BROWN AND SCHERMERHORN, TRUSTEES, *v.* FLETCHER, AS TRUSTEE OF BRAKER.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 286.   Argued May 13, 14, 1915.—Decided June 1, 1915.  ,

*Brown* v. *Fletcher,* 235 U. S. 589, followed to the effect that § 24, Judicial Code, does not apply to the· assignment of an interest of the *cestui que trust* of a testamentary trust fund.

Even though jurisdiction to do so exists, this court will not dispose of a case on the merits where such action would be out of harmony with the provisions of the Judicial Code giving a direct right of review on questions of jurisdiction, or where it would be incompatible with the provisions of that Code giving finality to judgments of the Circuit Court of Appeals.

The refusal of the Circuit Court of Appeals to decide a case on its merits because it erroneously held that the diversity of citizenship necessary to give jurisdiction to the Federal courts did not exist, should not, under the circumstances of this case, be made the basis of this court for deciding a case which, if jurisdiction does exist, should be finally decided by the Circuit Court of Appeals.

The District Court having taken jurisdiction of a case on the ground that diversity of citizenship existed, and decided the case on the merits, and the Circuit Court of Appeals having held that jurisdiction did not exist and reversed, with instructions to dismiss the bill, but not on the merits, this court, having found that diversity of citizen-

ship does exist, and that there is jurisdiction, does not decide the case on the merits, although it has jurisdiction so to do, but remands it to the Circuit Court of Appeals to the end that it proceed to discharge its duty of hearing and deciding the case.

206 Fed. Rep. 461, reversed.

CONRAD BRAKER, JR., of New York who there died July 21, 1891, by his will created several trusts in favor of his son, Conrad Morris Braker. The beneficiary of these trusts, the son, assigned a portion of his interest in them to one Rabe and nearly the whole of the remainder to the New York Finance Company. Rabe subsequently assigned to the Finance Company the interest which he had acquired and the Finance Company which thus claimed to be the successor or assignee to all, or nearly all, the interest of Braker, the son, under the trusts, assigned certain parts of its interest to one Cunningham and the remainder to one Wood. Cunningham having died, this suit was commenced in 1911 in the Circuit Court of the United States for the Southern District of New York by the trustees under his will to enforce one of the trusts under the assumption that it had matured and was owned by the estate of Cunningham in virtue of the assignment made to him. The jurisdiction of the court was based solely on diversity of citizenship. The bill was demurred to for various causes, one of which challenged the jurisdiction of the court on the ground that as there was no diversity of citizenship as between the original parties and hence no jurisdiction, none did or could result under the law from the assignments. The demurrer was overruled and the case on the merits was decided against the complainants who appealed to the Circuit Court of Appeals for the Second Circuit.

While the case was there, on February 5, 1913, the trustees under the will of Cunningham commenced another suit in the District Court of the United States for the Southern District of New York against the trustee

under the will, to enforce another trust which they asserted had matured and which they claimed to have a right to enforce in consequence of the assignment from the New York Finance Company. In the meanwhile Wood, to whom as we have previously said an assignment had been made, having died, his testamentary executors also on the same day commenced in the District Court a suit against the trustee of the will of Braker, to enforce the trust. The jurisdiction in both these cases also depended on diverse citizenship. The cases were put at issue by answer and while they were on the docket awaiting trial this case, which was pending in the Circuit Court of Appeals, was by that court decided June 27, 1913. The court primarily intimated opinions concerning the controlling influence of a prior ruling made in the state Surrogates Court and further intimated views on the merits which came ultimately, however, to be mere obiter since the court placed its final ruling on a question of Federal jurisdiction and held that as Braker, the son, was not a party and as diversity of citizenship did not exist if the prior parties were considered and as the assignee had no greater right than had his assignor to invoke the Federal jurisdiction, there was no jurisdiction and the decree below was therefore reversed with directions "to dismiss the bill, but not upon the merits." (206 Fed. Rep. 461.) Before, however, such decree became final a writ of certiorari was granted and in consequence of that fact the case is now before us.

After the decision of the Circuit Court of Appeals and after the granting of the writ of certiorari by this court demurrers to the jurisdiction were filed in the two cases pending in the District Court on the ground covered by the decision of the Circuit Court of Appeals in this case, and the District Court evidently following that decision changed its previous ruling and dismissed both of the cases for want of jurisdiction. Under the provisions of

§ 238 of the Judicial Code direct appeals were then prosecuted in both the cases from the District Court to this court. On these appeals as the result of the allowance of a motion to advance the cases were heard in December last and the judgments below were reversed, it being decided that the assignee under the circumstances was not within the provisions of § 24 of the Judicial Code and therefore the existence of diversity of citizenship between the parties gave authority to hear and decide the cases. *Brown* v. *Fletcher*, 235 U. S. 589.

·*Mr. Charles H. Burr* for petitioners.

*Mr. William P. S. Melvin* for respondent.

Mr. Chief Justice White, after making the foregoing statement, delivered the opinion of the court.

It is apparent from the statement which we have made that the ruling as to the question of jurisdiction made in the two previous cases involving the same subject-matter which is here in controversy so far as it concerned the jurisdiction of the court as a Federal court, conclusively demonstrates that the court below erred in declining to take cognizance of the cause upon the theory that it was without its jurisdiction as a Federal court to do so. While it is clear, the question of jurisdiction being thus determined, that we have power to consider and dispose of the merits, we think it is equally clear that we ought not to exert the authority, (*a*), because to do so would be out of harmony with the provisions of the Judicial Code, giving a right to direct review on questions of jurisdiction; and (*b*), because it would be in a broad sense incompatible with the provisions giving finality to the judgments and decrees of the Circuit Court of Appeals in cases, of which this is one, within the final competency of those courts. We say

the first, because it is apparent that if we now determine the merits of this case, we shall in a large sense virtually decide the merits of the two other cases concerning in a sense the same subject-matter involved in the cases which came here on direct appeals as to jurisdiction and jurisdiction alone and which now, the question of jurisdiction alone having been determined, doubtless await the action of the District Court and the review of that action by the court below if after the cases have been decided by the District Court they are carried to the Circuit Court of Appeals for review and final decision. We say the second, because as this case is one over which the action of the court below is made final by the statute, we are of opinion that its refusal to decide the case on the merits because of an erroneous conclusion as to want of power as a Federal court to do so ought not under the circumstances here disclosed to be made the basis by which this court would perform a duty which the statute contemplates should be discharged by the court below.

Indeed, the views just stated have been applied by previous rulings. *Lutcher & Moore Lumber Co. v. Knight,* 217 U. S. 257; *United States v. Rimer,* 220 U. S. 547; *Wm. Cramp Sons v. Curtiss Turbine Co.,* 228 U. S. 645. In the *Lutcher Case* which was brought here by the allowance of a writ of certiorari, it was found that the court below, the Circuit Court of Appeals of the Fifth Circuit, had from a mistake of law refused to consider the merits of the case and although it was recognized that as the result of the certiorari the whole case was open to our review, it was yet pointed out that as by the provisions of the act of 1891 the cause was one which apart from certiorari was within the competency of the Circuit Court of Appeals and its judgment when rendered would be final, the duty of this court was not to determine the case on the merits but after correcting the error which had stood in the way of the court below performing its duty, to remand the case

to that court so that such duty might be discharged. So in the *Rimer Case* which was brought here by certiorari, when it was discovered that the writ had obviously been allowed upon a mistaken conception as to the existence in the case of a far-reaching question of public importance justifying the issue of the writ, it was pointed out that, the mistake becoming apparent, it was our duty not to decide the case but to remand it to the Circuit Court of Appeals to which the certiorari had been directed to enable that court to discharge its duty. And the same principle was involved in the *Cramp Case* where, after the case had been brought to this court by certiorari and it was held that the decision of the court below was void because the court which decided it was not legally organized, while it was recognized that there was power under the certiorari to dispose of the whole case, it was held that the duty arose in order to give effect to the statute not to decide, but to remand the case so that when the court below was organized conformably to the statute the case might be considered and disposed of as the statute contemplated it should be.

While it follows from these considerations that the decree below must be reversed, it also results that it is our duty to remand the case to the court below, that is, the Circuit Court of Appeals, to the end that, all questions concerning its jurisdiction as a Federal court having been determined by the prior decision of this court, it proceed to discharge its duty of hearing and deciding the case conformably to law.

*Reversed and remanded for further proceedings consistent with this opinion.*