BROWN et al. v. FLETCHER.

(Circuit Court of Appeals, Second Circuit.   March 14, 1916.)

No. 229.

1. PROCESS ☞83—MANNER OF SERVICE—NEW YORK STATUTE.
    The provision of Code Civ. Proc. N. Y. § 2524, requiring the mailing of citations from the Surrogate's Court, where the person to be served is without the state, applies only where service is made by publication, and not personally.
    [Ed. Note.—For other cases, see Process, Dec. Dig. ☞83.]

2. COURTS ☞493(2)—PRIORITY OF JURISDICTION—FEDERAL AND STATE COURTS.
    A federal court cannot be deprived of jurisdiction of a suit to establish rights against a testamentary trustee by a subsequent decree of a Surrogate's Court settling the accounts of the trustee and directing him to pay the trust fund to another person, in which proceeding the complainants in the suit, while made parties, did not appear.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1347;   Dec. Dig. ☞493(2).]

3. EQUITY ☞94—PARTIES—SUIT TO ENFORCE TRUST.
    To a suit to establish a claim against a testamentary trustee, by an assignee of the beneficiary who repudiates the assignment, such beneficiary is an indispensable party.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 246, 252;   Dec. Dig. ☞94.]

4. APPEAL AND ERROR ☞1201(7)—REVERSAL—AMENDMENTS—BRINGING IN NEW PARTIES.
    Where a District Court erroneously held on demurrer to a bill that a certain person was not a necessary party, on reversal of the final decree in the case complainant is entitled to amend the bill by making such person a party.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4677, 4680, 4683;   Dec. Dig. ☞1201(7).]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by John A. S. Brown and Frank E. Schermerhorn, trustee, against Austin B. Fletcher, as testamentary trustee of Conrad M. Braker. Decree for defendant, and complainants appeal. Reversed.

See, also, 206 Fed. 461, 124 C. C. A. 367, and 237 U. S. 583, 35 Sup. Ct. 750, 59 L. Ed. 1128.

Monroe Buckley, of Philadelphia, Pa., for appellants.
W. P. S. Melvin, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. The complainants in this case seek to recover from the defendant, as substituted testamentary trustee under the will of Conrad Braker, trustee, a trust fund of $10,000 left by him to his son, C. M. Braker; which they claim by virtue of various assignments beginning with an assignment from C. M. Braker. It was heretofore considered by us in 206 Fed. 462, 124 C. C. A. 367, the bill being dismissed without prejudice on the ground that the Circuit Court had no jurisdiction because, although the complainants were citizens of Pennsylvania, several of the assignors in their line of title, as well as the defendants, were citizens of New York. The Supreme Court, upon certiorari, reversed the decree on the ground that the cause of action, being a claim to recover an interest in a trust estate, was not a chose in action within section 24 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St. 1913, § 991]). Brown v. Fletcher, 237 U. S. 583, 35 Sup. Ct. 750, 59 L. Ed. 1128. This decision followed a previous case in 235 U. S. 589, 35 Sup. Ct. 154, 59 L. Ed. 374, arising out of controversies between the same parties as to other interests in the same estate. The citizenship of the plaintiffs' assignors therefore became immaterial, and the cause was remanded to this court "to proceed to its duty of hearing and deciding the case conformably to law."

Notwithstanding what we heretofore said, we think the opinion of the Supreme Court requires us now to hold that the Circuit Court had jurisdiction in equity. The bill was filed October 4, 1911, in the then Circuit Court, and November 20, 1912, the defendant was allowed to amend his answer by setting up the decree of the Surrogate's Court of the County of New York settling his account as testamentary trustee and ordering him to pay over the fund in his hands to C. M. Braker. March 6, 1912, the defendant's demurrer, upon the ground, among others, that C. M. Braker was a necessary party, was overruled.

[1] The defendant thereafter began a proceeding for a settlement of his accounts as testamentary trustee in the Surrogate's Court. The order for service of the citation which was returnable May 14, 1912, was dated March 21st and personal service was made in Philadelphia on the complainant Schermerhorn April 10th and on the complainant Brown April 12th, all in conformity with the provisions of sections 2524 and 2525 of the New York Code of Civil Procedure. The complainants objected to the service as invalid on the ground that the citation should also have been mailed, but we think that the requirement of mailing only applies when the service is by publication. When it is personal, mailing is wholly unnecessary. Kennedy v. Arthur, 11 N. Y. Supp. 661; Sabin v. Kendrick, 2 App. Div. 96, 37 N. Y. Supp. 524; McCully v. Heller, 66 How. Prac. (N. Y.) 468. Nor do we

think there is any merit in the further objection that the decree was not final because the Surrogate granted a temporary stay.

[2] The District Judge dismissed the bill on the ground that the decree of the Surrogate's Court was res judicata of the question involved in the federal court. In other words, he held that, the Surrogate's Court having in a proceeding in rem, with both the complainants and the defendant before it, ordered the defendant to pay the fund to C. M. Braker, the District Court could not order him to pay it to the complainants. We did not pass upon this question in our former opinion, because we reversed the decree of the District Court without prejudice for the jurisdictional reason above pointed out.

The decree of the Surrogate's Court is certainly an adjudication between the same parties upon the same subject-matter. But the complainants say that the Surrogate's Court had no jurisdiction to dispose of the complainants' rights because they had been first submitted to the federal court. Of course, if the complainants had appeared and taken part in the proceedings in the Surrogate's Court, they could not, after the decree against them, have asked the federal court to go on and dispose of the controversy anew. Mitchell v. First National Bank, 180 U. S. 471, 21 Sup. Ct. 418, 45 L. Ed. 627. But it is the settled law of the federal courts that the court which first takes cognizance of a cause of action shall have exclusive jurisdiction until it has finally disposed of it. The defendant by going into the Surrogate's Court could not defeat or impair the jurisdiction of the federal court, which had already attached, or deprive the complainants of their right as citizens of another state to submit their interests to the federal court. Sharon v. Terry (C. C.) 36 Fed. 337, 355; Wallace v. McConnell, 13 Pet. 143, 151, 10 L. Ed. 95; Taylor v. Taintor, 16 Wall. 366, 370, 21 L. Ed. 287; Harkrader v. Wadley, 172 U. S. 148, 164, 19 Sup. Ct. 119, 43 L. Ed. 399.

In Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, the bill was not filed in the Circuit Court until after the administrator's account had been approved and confirmed by the orphans' court and only one day before the day fixed for distribution, yet the Circuit Court was held to have jurisdiction to establish the rights of citizens of other states in the fund to be distributed. It was pointed out, however, that while it is the right of citizens of other states to resort to the federal courts to establish their claims against executors, administrators, and trustees of decedents, the federal court could not go beyond this to administer the estate or disturb in any way the possession of the state court. We do not think the decree of the Surrogate's Court is res judicata, or that it in any way impairs the jurisdiction of the District Court in this case to pass upon the question of the complainants' rights, which have been submitted to it.

The defendant also set up as a defense in bar the judgment of the Supreme Court of the state of New York in a prior suit brought by C. M. Braker against Fletcher, as trustee, and Rabe, his assignee, assignor to the New York Finance Company and the New York Finance Company, asking that the assignment from him to Rabe be canceled as void for usury and that the trustee be required to pay over

the trust fund in his hands to C. M. Braker. The complainants were not parties. The moneys coming to the Finance Company from this source were assigned to them as collateral to secure the Finance Company's note for $10,000. They had a lien which by the terms of the collateral note they could realize by sale in case of default in payment of the note. The note not having been paid, they put up the collateral at auction; no one being present but a straw buyer, who bought the same in for $2,000 and at once assigned it to the complainants for $2,000, no money at all passing. It is enough to say, in answer to the defendant's criticism of this proceeding, that the New York Finance Company takes no exception to it. The state court adjudicated C. M. Braker's assignment to Rabe to be void for usury, ordered it to be canceled, and directed Fletcher as trustee to pay over the trust fund to him. The defendant contends that the complainants were purchasers pendente lite and as much bound by the judgment as if they had been parties. But they obtained their lien before the suit was brought and cannot be regarded as purchasers pendente lite. We do not think that this judgment is a defense.

[3] We remain of the opinion that C. M. Braker is a party in whose absence the court cannot adjudicate the case. Regarded merely as an assignor he would not be so because of having parted with his interest, but he claims that the assignment was void because of usury and repudiates it. The cestui as well as the trustee should be a party when the claim sought to be enforced is consistent with the validity of the trust. Rogers v. Rogers, 3 Paige (N. Y.) 379; Vetterlein v. Barnes, 124 U. S. 172, 8 Sup. Ct. 441, 31 L. Ed. 400. See, also, Williams v. Bankhead, 19 Wall. 563, 22 L. Ed. 184; Land Co. v. Elkins (C. C.) 20 Fed. 545; Hubbard v. Manhattan Co., 87 Fed. 51, 30 C. C. A. 520.

[4] As the District Court held upon demurrer that he was not a necessary party, the complainants have not heretofore had any reason to amend their bill and should now be given an opportunity to do so. House v. Mullen, 22 Wall. 42, 22 L. Ed. 838; Waterman v. Bank, 215 U. S. 33, 47, 30 Sup. Ct. 10, 54 L. Ed. 80.

The decree is reversed, and the court below directed to permit the complainants to amend their bill, so as to make C. M. Braker a party defendant, and upon their failing to bring him in to dismiss the bill without prejudice.

## Order as to Mandate.

PER CURIAM. As we reversed the decree of the District Court, which was in favor of the appellees on the merits, the mandate will give the appellants costs of this court. It will also direct the court below to dismiss the bill without prejudice if the appellants do not bring in Conrad Morris Braker as a party defendant within a time to be fixed by it.