### BROWN et al. v. FLETCHER.

(District Court, S. D. New York. January 15, 1917.)

1. COURTS ⚷⟿335(1)—FEDERAL COURTS—PRACTICE.
    Rev. St. § 913 (Comp. St. 1913, § 1536), declares that the forms of mesne process in suits in equity and admiralty in the federal courts shall be according to the principles, rules, and usages which belong to courts of equity and admiralty; while section 914 (section 1537) declares that the practice, etc., in civil causes other than equity and admiralty causes, shall conform as near as may be to the practice in like causes in the state courts. Section 916 (section 1540) provides that the party recovering a judgment in a common-law action shall be entitled to similar remedies, by execution or otherwise, to reach the property of the judgment debtor, as now provided in like causes by the laws of the state in which such court is held; and section 917 (section 1543) provides that the Supreme Court shall have power to prescribe in any manner not inconsistent with any law of the United States the forms of writs and other process, and the modes of framing pleadings, etc., of enrolling decrees, and the whole practice in suits in equity or admiralty. Held, that the state practice is adopted in the federal courts only in common-law actions.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 902, 903, 906, 907; Dec. Dig. ⚷⟿335(1).]

2. COURTS ⚷⟿355—FEDERAL COURTS—PRACTICE.
    Under such sections and new equity rule 8 (198 Fed. xxi, 115 C. C. A. xxi), declaring that final process to execute any decree may, if the decree be solely for the payment of money, be by a writ of execution in the form used in the District Court in suits at common law, and in view of the local rules of practice providing for supplementary proceedings in common-law actions, and for the examination of the execution defendant in admiralty proceedings, a trustee against whom a decree has been rendered in his representative capacity may properly be examined in supplementary proceedings in accordance with the state practice; the adoption of the remedy of the execution not being limited to the mere writ itself.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 935, 936; Dec. Dig. ⚷⟿355.]

In Equity. Suit by John A. S. Brown and others against Austin B. Fletcher, as testamentary trustee of Conrad Morris Braker, etc.

---

⚷⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On motion to vacate an order for examination in supplementary proceedings. Motion denied.

See, also, 231 Fed. 92, 145 C. C. A. 280.

William P. S. Melvin, of New York City, for the motion.
Fredric W. Frost, of New York City, opposed.

AUGUSTUS N. HAND, District Judge. The suit in which this motion is made was brought in equity. After a demurrer to the bill of complaint based on lack of jurisdiction was sustained by the Circuit Court of Appeals (206 Fed. 461, 124 C. C. A. 367), the Supreme Court, on review, held that this court had jurisdiction, and remanded the cause for disposition on questions other than those of jurisdiction (237 U. S. 583, 35 Sup. Ct. 750, 59 L. Ed. 1128). Costs, however, were allowed against the defendant, as trustee, by both the Circuit Court of Appeals and the Supreme Court, and a judgment was docketed for these costs by the clerk of the District Court.

[1] It was decided by the New York Supreme Court, Appellate Division, First Department, in Matter of Gough, 31 App. Div. 307, 52 N. Y. Supp. 627, that trustees against whom a judgment had been rendered in their representative capacity might properly be examined in supplementary proceedings, and I think it clear that the order in this case was properly granted, unless such a remedy can only be exercised in the United States courts upon judgments recovered in actions at law. Section 913 of the Revised Statutes (Comp. St. 1913, § 1536) provides:

"The forms of mesne process and the forms and modes of proceeding in suits of equity and of admiralty and maritime jurisdiction in the Circuit and District Courts shall be according to the principles, rules, and usages which belong to courts of equity and of admiralty, respectively, except when it is otherwise provided by statute or by rules of court made in pursuance thereof; but the same shall be subject to alteration and addition by the said courts, respectively, and to regulation by the Supreme Court, by rules prescribed, from time to time, to any Circuit or District Court, not inconsistent with the laws of the United States."

Section 914 (Comp. St. 1913, § 1537) provides:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

Section 916 (Comp. St. 1913, § 1540) provides:

"The party recovering a judgment in any common-law cause in any Circuit or District Court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such Circuit or District Court, and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

Section 917 (Comp. St. 1913, § 1543) provides:

"The Supreme Court shall have power to prescribe, from time to time, and in any manner not inconsistent with any law of the United States, the forms of writs and other process, the modes of framing and filing proceedings and pleadings, of taking and obtaining evidence, of obtaining discovery, of proceeding to obtain relief, of drawing up, entering, and enrolling decrees, and of proceeding before trustees appointed by the court, and generally to regulate the whole practice, to be used, in suits in equity or admiralty, by the Circuit and District Courts."

It is familiar law that by the foregoing statutory provisions the state practice is only adopted in common-law actions. Rule 6 of this court expressly adopts the New York practice in common-law causes, and rule 4 in terms makes supplementary proceedings applicable to common-law cases.

[2] The Supreme Court, under section 917 of the Revised Statutes, supra, has, however, the power "generally to regulate the whole practice to be used in equity."· Rule 8 of the new equity rules (198 Fed. xxi, 115 C. C. A. xxi) provides that:

"Final process to execute any decree may, if the decree be solely for the payment of money, be by a writ of execution, in the form used in the District Court in suits at common law in actions of assumpsit. * * *"

I do not think that the words "by a writ of execution," or "in the form used in the District Court in suits at common law," are to be so narrowly interpreted as to refer only to the piece of paper itself known as the "execution," but are to include all the familiar incidents of that writ, the most common of which is supplementary proceedings. I am fortified in this opinion by the long practice which has, I believe, obtained in this district of granting orders in supplementary proceedings upon decrees in equity for the payment of money.

In the case of Byrd v. Badger, 1 McAl. 443, Fed. Cas. No. 2266, where a motion was made to set aside an order in supplementary proceedings, Judge McAllister, sitting in the Circuit Court for the District of California, stated that these proceedings were a substitute for a creditor's bill, mentioned the fact that the statute of California providing for supplementary proceedings was analogous to that of New York, and further held that, as proceedings in aid of execution were equitable and only cognizable in the United States Court in the exercise of chancery powers, the parties must proceed by creditor's bill and could not avail themselves of the statutory remedy of supplementary proceedings. It does not appear clearly from the opinion whether the relief sought was upon a judgment recovered at law, or a decree in equity; but the language used leads me to suppose that the foundation of the right was a judgment at law. If that be the case, Judge McAllister's decision would not represent the law in this court, because rule 4 of the local common-law rules passed in conformity with section 916 of the Revised Statutes, supra, provides:

"In common-law causes the parties shall be entitled to the same rights and remedies as respects attachments against the property of the defendant, and as respects proceedings supplementary to execution as are now or may be hereafter provided by the laws of the state of New York, which laws (in respect of common-law causes) are hereby adopted by this court."

Local rule 46 in admiralty further provides for an examination of the execution defendant and of such other persons as witnesses as he may show to be material. It is thus clear at law and in admiralty that the equivalent of supplementary proceedings in the state court is expressly provided for. I think it would be most unfortunate to give equity rule 8 so narrow a construction as to make it necessary to proceed by the cumbersome remedy of a creditor's bill, and in so doing to reverse the customary practice of this court for many years.

The motion to vacate the order for examination in supplementary proceedings is therefore denied.

## THE ADA.

(District Court, S. D. New York. December 22, 1916.)

1. SHIPPING ⊜⇒58(3)—CHARTERS—DAMAGES FOR BREACH.

The general rule that, on withdrawal of a ship from a charter, the charterer is entitled to damages measured by the difference between the charter hire and the hire necessary to secure another vessel, applies only when a substitute can be procured equal to the vessel withdrawn. If that cannot be done, the charterer is entitled to recover lost profits based upon the usual rates of freight at the time and place and the cargo that could probably have been obtained.

2. SHIPPING ⊜⇒58(3)—CHARTERS—DAMAGES FOR BREACH.

To entitle a charterer to damages because, as a result of the withdrawal of the chartered ship, he substituted another then under charter to him, at a sacrifice of her own cargo, to carry the cargo engaged for the one withdrawn, by which he sustained a loss, it must be shown that such action was a fair exercise of judgment to minimize the damages.

3. DAMAGES ⊜⇒67—INTEREST—DISCRETION.

In admiralty, the allowance of interest on damages recovered is within the discretion of the court.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 135, 136.]

In Admiralty. Suit by the Universal Transportation Company, Incorporated, against the steamship Ada and the Rederiaktiebolaget Amie. On exceptions to commissioner's report.

Charles R. Hickox, of New York City, for libelant.

William J. Conlen, of Philadelphia, Pa., and Engel Bros., of New York City, for respondent.