## JEFFERSON STANDARD LIFE INS. CO. v. KEETON.

## EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. SAME.

(Circuit Court of Appeals, Fourth Circuit.   July 14, 1923.)

### Nos. 2019, 2020.

1. **Insurance ☞249—Insurer may sue for cancellation of policy for fraud before expiration of time when it becomes incontestable.**

   Where the insured in a life policy, which is incontestable after one year from issuance, dies within the year but no action has been brought on the policy, the insured may institute a suit in equity for its cancellation on the ground of fraud before expiration of the year, and while it still has the right to raise that issue.

2. **Equity ☞38—Conditions arising after commencement of suit cannot deprive court of jurisdiction.**

   Conditions which came into existence after commencement of a suit cannot take from a court of equity its jurisdiction if that existed upon the facts as they were when the suit was instituted.

3. **Action ☞69—Duty of court to try suit for cancellation of policy before action at law thereon instituted later.**

   Insured, in a life policy which became incontestable after one year, died within the year, and before expiration of the year insurer brought suit in equity in a federal court for cancellation of the policy on the ground of fraud.   Later, but still within the year, the beneficiary commenced an action at law on the policy in a state court, which insurer removed into the same federal court.   *Held*, that it was the duty of that court to first hear the suit in equity, which was first instituted, and to determine the issue of fraud therein.

   Woods, Circuit Judge, dissenting, holds that where a suit in equity and an action at law, between the same parties and involving the same issue, are pending in the same court, the constitutional right of a party to trial by jury entitles him to have that issue tried in the action at law.

Appeals from the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Groner, Judge.

Suits in equity by the Jefferson Standard Life Insurance Company against Jessie P. Keeton, individually and as executrix of the will of Joseph S. Keeton, deceased, and by the Equitable Life Assurance Society of the United States against the same defendant. Complainants appeal from orders refusing injunctions.   Reversed.

Stuart G. Christian and Wyndham R. Meredith, both of Richmond, Va. (Christian & Christian, of Richmond, Va., Brooks, Hines & Smith, of Greensboro, N. C., and Alexander & Green, of New York City, on the brief), for appellants.

Frank T. Sutton, Jr., and M. J. Fulton, both of Richmond, Va. (Fulton & Wicker, of Richmond, Va., on the brief), for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge.   For the purposes of this appeal, the facts in these two cases are legally indistinguishable.   They have been argued and submitted together and will be dealt with in a single opinion.   In the months of April and May of 1921, one Joseph S. Keeton,

of whom the appellee is the widow and the executrix, took out three policies of life insurance for $5,000 each, two with the Jefferson Standard Life Insurance Company and one with the Equitable Life Assurance Society of the United States. Each of them contained a provision that it should be incontestable after one year from the date of its issue. On August 26, 1921, Keeton died. In a couple of weeks or so thereafter, the appellants allege that for the first time they learned that Keeton in his application for insurance had made certain false statements which would avoid the policies provided the appellants sought cancellation within one year of their respective dates. On the 28th of November, 1921, the appellants tendered back the premiums to the appellee and demanded the surrender of the policies. This demand was refused and on the next day, the original bills of complaint were filed in the court below. Each of them alleged that the appellee had not sued on the policies and that appellants believed she would not until more than a year had elapsed from their issue and that then no defense would be open. The prayers of the bills were for cancellation of the policies. The appellee answered ' denying jurisdiction of the court sitting as a court of equity. After argument, the learned judge below, on the 31st of March, 1922, overruled the motions to dismiss, holding that there was jurisdiction in equity. He, however, added that he did not mean to say that the pendency of the equity suits was a bar to the institution of actions at law on the policies. The appellants at once asked for a prompt hearing of the equity causes, but ten days later, and before any date for such hearing was fixed, the appellee brought actions at law in the state court. The appellants countered by supplemental bill in the federal court, asking that the appellee be enjoined from prosecuting. The injunctions being refused, the appellants removed the law cases to the United States court and then by second supplemental bills renewed their motion for injunctions to stay the appellee's prosecution of them. They asked that she be required to defend such rights as she had in the equity suits. Again injunctions were denied. By these appeals the appellants seek to have reviewed the refusal of the court to enjoin the suits at law first, when they were pending in the state court and, second, after they had been removed to the Court of the United States.

[1] The appellants had the right to file their bills of complaint when and as they did. They had no adequate remedy at law. Before suing upon the policies, the appellee could have waited until they were more than a year old and then appellants could have made no defense. Ebner v. Ohio Life Insurance Co., 69 Ind. App. 32, 121 N. E. 315, 320; Ramsey v. Old Colony Life Insurance Co., 297 Ill. 592, 131 N. E. 108; Monahan v. Metropolitan Life Insurance Co., 283 Ill. 136, 119 N. E. 68, L. R. A. 1918D, 1196; American Trust Co. v. Life Insurance Co. of Virginia, 173 N. C. 558, 92 S. E. 707. That fact makes inapplicable such cases as the Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501, and Cable v. United States Life Insurance Co., 191 U. S. 305, 24 Sup. Ct. 74, 48 L. Ed. 188. It was said many years ago, there is no head of equity jurisdiction more firmly established than that which embraces the cancellation of instruments which are capable of a vexatious use

after the means of defense at law may become impaired or lost or when they are calculated to throw a cloud upon the title or interest of the parties seeking relief. Railroad Co. v. Schuyler, 17 N. Y. 592, 599, and Sharon v. Terry (C. C.) 36 Fed. 337, 351. Having properly brought their suits in equity, appellants were entitled to have them heard and disposed of in ordinary course, and the appellee had no right to ask that their disposition should be postponed until the determination of any actions at law which she might see fit to bring. Liberty Oil Co. v. Condon National Bank, 260 U. S. 235, 43 Sup. Ct. 118, 67 L. Ed. 232, decided by Supreme Court November 27, 1922. Nevertheless, the appellee insists that conceding so much, it does not follow that they thereby became entitled to have her enjoined from instituting such suits and from prosecuting them with whatever speed she could. She argues that ordinarily the pendency of a suit in one court is no bar to the institution of a second in a court of a different sovereignty even though it be on the same cause of action and between the same parties. McClellan v. Carland, 217 U. S. 268, 282, 30 Sup. Ct. 501, 54 L. Ed. 762; Barber Asphalt Co. v. Morris, 132 Fed. 945, 948, 66 C. C. A. 55, 67 L. R. A. 761. However well established the general principle may be, there are nevertheless important exceptions to its application when as here, "both suits are substantially the same, that is to say, when there is substantial identity in the interests represented, in the rights asserted and in the purposes sought." Pacific Live Stock Co. v. Oregon Water Board, 241 U. S. 440, 447, 36 Sup. Ct. 637, 641 (60 L. Ed. 1084). There can be but little room for controversy that a suit in equity to cancel a particular instrument may fall within these exceptions at least where the circumstances are peculiar. Sharon v. Terry, supra, and then section 720 of the Revised Statutes (Comp. St. § 1242), prohibiting injunctions to stay proceedings in a state court, will not prevent the federal court from taking the steps necessary to insure that its decree shall effectively bind all the parties. Sharon v. Terry, supra. It has been more than once held that where the jurisdiction of a court of the United States has first been properly invoked on the ground of diversity of citizenship, that court will enjoin any attempt by the defendant by subsequently instituted proceeding in the state court to render nugatory the constitutional right of the plaintiff to have the judgment of the federal tribunal. Burke Construction Co. v. Kline et al. (C. C. A.) 271 Fed. 605; Brown v. Fletcher, 231 Fed. 92, 145 C. C. A. 280. The Supreme Court itself has said that the jurisdiction of the federal court "could not be defeated or impaired by the institution, by one of the parties, of subsequent proceedings, whether civil or criminal, involving the same legal questions in the state court." Prout v. Starr, 188 U. S. 537, 544, 23 Sup. Ct. 398, 401 (47 L. Ed. 584). In the instant cases, a further analysis of the authorities is unnecessary. The actions at law have been removed from the state to the federal courts, and therefore whether an injunction should or should not issue out of the latter to stay their prosecution while they were still pending in the former has become moot. For that reason, the appeals from the order denying injunctions to stay proceedings in the state court will be dismissed.

The actions at law and the suits in equity are now pending before the same tribunal. That fact may not alter the substantial rights of the parties, although it should put an end to any race of diligence between them, and necessarily avoids all possibility of friction between courts of different sovereignties. The appellants were entitled to go into equity when they did, and indeed as a practical matter were forced to do so. They have the right to insist as they do that the chancellor shall pass upon all the issues properly raised by their bill. Liberty Oil Co. v. Condon National Bank, supra.

[2, 3] Conditions which came into existence after the commencement of their causes cannot take from the court of equity its jurisdiction if that existed upon the facts as they were when the suit was instituted. Busch v. Jones, 184 U. S. 598, 22 Sup. Ct. 511, 46 L. Ed. 707; Camp v. Boyd, 229 U. S. 530, 33 Sup. Ct. 785, 57 L. Ed. 1317. Nor has the equity judge any right to stay his hand until the actions at law have been tried. If the latter were still pending before another court, he could be compelled by mandamus, if necessary, to hear and determine the causes before him without waiting upon the proceedings of the other forum. McClellan v. Carland, supra; Barber Asphalt Co. v. Morris, supra. They are now all before the court below and should stand for trial in the order in which they were instituted. The appellants, however, call attention to the clear intimation of the learned judge below that he proposes to postpone the hearing of the equity causes until after the determination of the actions at law. This, for reasons stated in authorities already cited, he may not do. There is, of course, no doubt of the power of a court, which has both legal and equitable jurisdiction, by injunction to stay the trial of actions pending on its law side. 2 Story's Equity Jurisprudence, §§ 874, 879. Most of the grounds for questioning the power of a court of the United States to enjoin the prosecution of actions pending before a state court have no relevancy to the present state of things. Neither the letter of section 720 nor the great reasons of public policy which dictated that enactment have any application. The injunctions to stay the proceedings in the District Court of the actions at law there pending should have been granted, and for the error in denying them, the orders of the court below must be reversed and the causes remanded for further proceedings not inconsistent with this opinion.

Reversed.

:WOODS, Circuit Judge (dissenting). The defendant is the beneficiary of three insurance policies incontestable after one year from their date. The insurance companies brought these suits in equity against her to cancel the policies on the ground of fraud. Afterwards the beneficiary brought her actions at law to recover the amounts of the policies. The sole question here is whether the District Court erred in refusing the motions of the insurance companies to enjoin the actions brought by the beneficiary. The two cases involve the same question, were tried together, and will be treated as one.

The beneficiary had against the insurance company a plain money demand for the amount of the insurance based upon a contract framed

by the insurance company. This gave her a right of action on the law side of the court with the incidental right of trial by jury. Under the Seventh Amendment to the Constitution, this right of trial by jury is vital and is not to be interfered with by the court of equity except under special circumstances which would prevent the insurance company from presenting and having adjudicated on the law side a defense apparently meritorious. Insurance Co. v. Bailey, 13 Wall. (80 U. S.) 616, 20 L. Ed. 501; Cable Co. v. United States, 191 U. S. 288, 309, 24 Sup. Ct. 74, 48 L. Ed. 188; American Mills Co. v. American Surety Co., 260 U. S. 360, 43 Sup. Ct. 149, 67 L. Ed. 306.

The only special circumstance stated in each of the bills as a reason why the insurance company cannot have its defense adjudicated on the law side of the court is the mere expression of the belief, without allegation of facts supporting it, that the beneficiary "will wait until the period of one year has elapsed from the issuance of said policy" to bring her action for the purpose of preventing the insurance company from setting up the defense of fraud in obtaining it. The defendant in her answer expressly alleged that at the time suit in equity was brought she was "taking steps for the prompt institution of a suit against the plaintiff for the collection of the amount of the policy."

The policies are dated in May and April, 1921. The assured died on August 26, 1921. The suit to cancel the policies was brought November 29, 1921. No injunction was asked against the beneficiary from bringing her action at law to recover on the policies. A motion to dismiss the bill was filed March 18, 1922, and refused March 31, 1922. The order refusing to dismiss the bill contained the following clause:

"In arriving at this conclusion I do not mean to say that the pendency of this equity suit is a bar to the institution of an action at law by the administrator on the policies."

Three days afterward, on April 3, 1922, within the contestable period, the beneficiary instituted her action in the state court to recover on the policies. A supplemental bill was filed by the insurers on April 22d, setting out the action on the policies in the state court and asking that it be enjoined. The answer of the beneficiary was filed on the same day, in which she set up her law action on the policies and asserted "that she is ready and intends, unless prevented by causes beyond her control, to diligently prosecute said action to a conclusion." Subsequently the insurance company had the law action removed to the federal court and again by amended and supplemental bill asked that the law action be enjoined. In her answer to this second amended and supplemental bill the beneficiary asserted that she was preparing to institute her suit on the law side and prosecute it to a conclusion when the plaintiff instituted this suit in equity; and set up as a further defense that the insurance companies were "subjecting her to protracted, vexatious, and expensive litigation for the purpose of wearying her and putting her to expense in the prosecution of her rights." The District Court refused to grant the injunction, and the insurance companies appeal.

The cases chiefly relied on by appellants are different on their facts. In Ramsey v. Old Colony Life Ins. Co., 297 Ill. 592, 131 N. E. 108, no

suit was brought by the beneficiary on the law side within the period of contestability. In American Trust Co. v. Life Ins. Co. of Va., 173 N. C. 558, 92 S. E. 706, the general rule is stated that equity would have jurisdiction to entertain a suit to annul a policy for fraud at any time within the period of contestability. But that was an action on the policy on the law side of the court, and nothing was really decided except that the policy was incontestable; no affirmative action having been taken to annul it within two years. In Ebner v. Ohio Life Ins. Co., 69 Ind. App. 32, 121 N. E. 315, the policy, incontestable after one year, was issued on May 29, 1914. The insured died November 23d. Proof of death was delayed until January 2, 1915. The insurance company instituted investigation but did not commence suit to set aside the policy until May 19, 1915—only 10 days before expiration of the year of contestability. No action was instituted on the policy. The facts of the case showed that the insurance company had no other remedy, as its right to contest would have been lost in 10 days.

The right of the beneficiary to institute and prosecute to judgment her action on the policies in the state court while the suit to set aside the policies was pending in the federal court is so firmly established by decisions of the Supreme Court as to preclude discussion. In Pacific Live Stock Co. v. Lewis, 241 U. S. 440, 447, 36 Sup. Ct. 637, 641 (60 L. Ed. 1084), the court says:

"The rule that where the same matter is brought before courts of concurrent jurisdiction, the one first obtaining jurisdiction will retain it until the controversy is determined, to the entire exclusion of the other, and will maintain and protect its jurisdiction by an appropriate injunction, is confined in its operation to instances where both suits are substantially the same, that is to say, where there is substantial identity in the interests represented, in the rights asserted and in the purposes sought."

The rule is elaborated and illustrated in the leading case of Buck v. Colbath, 3 Wall. 334, 345, 18 L. Ed. 257. If any possible doubt of this right of the beneficiary to maintain her suit was left by the older cases, it is set at rest by Kline v. Construction Co., 260 U. S. 226, 43 Sup. Ct. 79, 67 L. Ed. 226.

When the law action of the beneficiary was removed to the federal court, it stood there for trial as if it had been originally instituted in that court. The argument is that whether the district judge was right or not in refusing to enjoin the action of the beneficiary while it was pending in the state court, after its removal to the federal court the insurance companies were entitled as a matter of right to an injunction against the prosecution of it in that court. This position is sustained in the majority opinion, holding that the mere institution of the equity suit to cancel the policies was a bar to any action of the beneficiary in a court of law to recover on her plain money demand, and that therefore the district judge was bound to enjoin her action. This means that the day after the death of the insured the insurer could have instituted its suit to cancel the policy, and on the mere allegation that it believed the beneficiary intended to cut off the defense of fraud by waiting to bring her action until the expiration of the contestable period the court would have been obliged to enjoin her action.

I think none of the authorities cited in the opinion of the majority go to that extent.

The federal courts have insisted more strictly than the state courts on the preservation without interference by courts of equity of the right of trial by jury under the Seventh Amendment to the Constitution. Boise Artesian Water Co. v. Boise City, 213 U. S. 276, 281, 29 Sup. Ct. 426, 53 L. Ed. 796; and cases cited in 21 Corpus Juris, 42, note 52.

Where legal and equitable issues arise in the same suit, it is the usual course in the federal court to dispose of the equitable issues first. In American Mills Co. v. American Surety Co., 260 U. S. 360, 43 Sup. Ct. 149, 67 L. Ed. 306, it is said:

"By the construction which petitioner would put upon Rule 30, it is an attempt to compel one who has a cause of action at law to bring it into a court of equity and then try it without a jury whenever the defendant in that cause can find some head of equity jurisdiction under which he can apply for equitable relief in respect of the subject-matter. The order of procedure as between the law and equity sides in such cases always has been that the equity issue is first disposed of by the chancellor and then, unless that ends the litigation, the original plaintiff may have his action at law and his trial by jury secured him by the Seventh Amendment of the Constitution. Liberty Oil Co. v. Condon National Bank, * * * [decided November 26, 1922]."

In both these cases the legal and equitable issues arose in the same suit.

But the rule that the equitable issues must be first disposed of is not inflexible even where issues of law and equity arise in the same suit and where no law action has been commenced, for there are cases where the law issue must be disposed of by jury trial before the equity cause can proceed. For example, where the defendant in a suit for partition sets up adverse title, the issue of title must be tried by a jury before the suit for partition can proceed. Clark v. Roller, 199 U. S. 541, 545, 26 Sup. Ct. 141, 50 L. Ed. 300. So, also, where one of the defendants sets up adverse title in a suit for specific performance under such conditions as appeared in Colleton Mercantile Co. v. Savannah River Lumber Co. (C. C. A. 4th Cir.) 280 Fed. 358.

It is not proper practice under Court Rule 30 (233 Fed. xvii, 146 C. C. A. xvii) for the defendant in an equity suit to cancel a written instrument to set up in that suit his money demand against the plaintiff. Therefore the beneficiary of the policy was not required to set up her money demand as a counterclaim in the insurer's equity suit to cancel the policy. It was not proper for her to do so. She had the right to institute a separate action on the policy to recover a money judgment on the law side. So it was expressly decided in American Mills Co. v. American Surety Co., 260 U. S. 360, 43 Sup. Ct. 149, 67 L. Ed. 306. Injunction to restrain the action of the beneficiary on the policy because the insurer has instituted an equity suit to cancel the policy seems to me contrary to this decision.

But it is said the insurer has a right to have the law action enjoined and the equity cause first tried because it was first instituted. If so, we have this curious result: An equity suit is instituted, not on the

ground that its defense cannot be fully presented in the law action, but on the ground that the law action will not be instituted within the contestable period. The law action is actually instituted within the contestable period; and yet the court cannot try it and must enjoin it until the equity suit—which depends on the alleged failure to institute it—is determined.

Whether the court will try law cases or equity cases first is within the judge's discretion. He has also the discretion to try any case out of its regular order. 38 Cyc. 1282. The exercise of this discretion is not to be disturbed by this court except where it is so arbitrary as to deprive a party of a substantial right. The ground upon which the insurer sought to take away the right of the beneficiary to a jury trial on the issue of her right to recover having disappeared, the insurer was in no position to complain that the district judge mght see fit to try it first.

When one action to recover on the policy and another to cancel it are pending, the court of equity will not enjoin the law action if the defendant can have full and adequate relief on the trial of that action. 4 Pomeroy's Eq. (4th Ed.) § 1363. There is no denial here that the plaintiff can set up in the law action every defense and have as full relief as in his equity suit.

The special facts in each case determine whether the court of equity is warranted in trying the issue and thus denying the beneficiary of the policy the right of trial by jury on a plain money demand. The virtue of equity is that it is elastic. Even if it be conceded under the authorities cited that Judge Groner had the jurisdiction and power to enjoin the law action and under all the circumstances to say that the whole matter should be determined in equity, it does not follow that he was obliged to exercise the power. Whether the trial judge shall exercise equitable powers on the ground that the complainant has not an adequate opportunity at law to present his cause of action or defense is largely a matter of discretion, to be exercised by the trial judge according to the circumstances. 21 Corpus Juris, 334 and citations. Even in cases where law and equity have concurrent jurisdiction, it is discretionary with the judge whether the court of equity will proceed to final disposition of all the issues both legal and equitable. 21 C. J. 40; 21 C. J. 138–140; 1 Pomeroy's Eq. Juris. (4th Ed.) § 181, and authorities cited.

The District Judge held in the exercise of his discretion, with all the facts before him, that the rights of both parties will be protected if the beneficiary is allowed to proceed with her action at law. The defense of fraud and all other defenses can be set up in the defense to that action. I think it would have been a close approach to an arbitrary abuse of discretion to order the equity suit to be first tried, and thus deny to the beneficiary a jury trial.